MATHIAS TURNER, SEN., and others, plaintiffs in error, vs. THE STATE OF GEORGIA, defendant in error.

The Solicitor General moved to continue, saying, that the State was not ready. The Court granted the motion.

*Held,* That as an abuse of discretion does not here affirmatively appear, this Court would not interfere with the judgment, if it *could;*—

And that, as it *could not* do so if it would, the case is one that it ought not to entertain.

Murder and continuance, from Cass county, decided by Judge TRIPPE, September Term, 1857.

The plaintiffs in error were indicted for murder. When the case came on for trial in the Court below, and the prisoners had announced themselves ready for trial, the Solicitor General stated that the State was not ready for trial, and moved the Court to continue the case without making any other showing for the continuance.

The Court sustained the motion and continued the case and the prisoners excepted and filed their bill of exceptions saying, that the Court erred in continuing the case, and in

ruling that the State was not required to make a showing for a continuance in a case charging the defendants with murder.

MILNER, PARROTT, CHISOLM & WADDELL, for plaintiffs in error.

SOLICITOR GENERAL, *Contra.*

*By the Court.*—BENNING J. delivering the opinion.

Continuances, being within the discretion of the Court, the *onus* is upon the party objecting to a continuance, *to show*, that, in granting the continuance, the Court abused its discretion. Presumption will be in favor of the continuance.

In this case, the Solicitor General, said " that the State was not ready for trial." No question was asked him. There may have been a good reason why the State was not ready; and a reason within the knowledge of the Court. It is, therefore, to be presumed that there was,—especially, as the Solicitor General was a public officer, on whom is imposed the duty of being diligent in preparing such cases for trial; and it is *prima facia* to be presumed of every public officer, that he does his duty.

Besides, the Solicitor General has the unlimited power of *"nol. prossing"* the bill of indictment, and then of preferring it again. The exercise of such a power, is but a round-about way of continuing the case. Hence, in some circuits, perhaps, in many, the Solicitor General is allowed to continue the case, at his mere pleasure.

These are reasons why this Court would not interfere with this continuance, if it *could.* But it *could not*, if it would. The judgment granting a continuance, is in its own nature one which, even if wrong, is beyond this Court's power of correction. And this Court, is only for the correction of errors.

This Court has, therefore, come to the conclusion, that it ought to dismiss writs of errors founded on judgments granting continuances, or, on any other judgments, which, in their own nature, are such that, if erroneons, they are beyond the reach of this Court's corrective power, this conclusion it will execute as soon as the case in which it was arrived at,, shall have been published. That is the case of *Wimberly vs. Collier*, decided at Macon January 1858.

A judgment *refusing* a continuance, stands upon a different footing.

Judgment affirmed.