HENDERSON, by next friend, *vs.* FRANCIS *et al*.

1. The charge of the court in this case was full and fair, and covered all the issues in the case.

2. When the court has fully and fairly charged the law of the case, he is not bound to recharge the jury at the instance of either party, however legal and pertinent a request offered may be.

3. The plea of justification filed in this case was similar to that filed in the case of the *Ocean Steamship Company vs. Williams*, 69 *Ga.*, 251, and entitled the defendant to open and conclude the argument.

4. Where counsel for plaintiff introduced in evidence the testimony of certain witnesses which had been taken before a committing court, but which had not been read to the jury, if it was error to refuse to allow them to withdraw a portion of such testimony from evidence, it did no injury, as counsel for defendants could have put the same in evidence. Counsel for plaintiff were bound only to read so much of the testimony as they might desire, and defendants' counsel could have done likewise.

5. Actions for malicious arrest and prosecution are not favored by the courts; and when it not only appears that there was probable cause to induce the prosecution, but it is satisfactorily shown that the plaintiff was guilty of the offense charged against him, the action cannot be maintained.

(*a.*) The verdict for the defendants was demanded by the evidence in this case.

February 9, 1886.

Charge of Court. Practice in Superior Court. Evidence. Pleadings. Justification. Malicious Arrest. Malicious Prosecution. Verdict. Before Judge CLARKE. City Court of Atlanta. December Term, 1884

To the report contained in the decision, it is necessary to add only the following: The basis of this action for damages was the fact that Rachel Francis, one of the defendants, had caused the plaintiff to be arrested and had prosecuted him on a charge of larceny, it being alleged that this was malicious and without probable cause, and that on his trial he had been found not guilty. The defendant pleaded the general issue; also the following special plea:

" And for further plea, defendants say that Mrs. Rachel Francis did prosecute the said J. W. Henderson before W. C. Horton and before the city court of Atlanta for the offense of larceny, and that she did also cause him to be arrested and imprisoned, and that said arrest, imprisonment and prosecution was upon probable cause and without malice. Mrs. Rachel Francis owned two houses on Ponder Alley that were in process of erection. A large amount of lumber was stolen from said houses, said lumber being, at the time of the larceny, the property of Mrs. Rachel Francis. The faith upon which said arrest, imprisonment and prosecution took place was substantially that Mrs. Rachel Francis saw said Henderson taking her lumber, and also was informed by several persons that they saw him taking the lumber. On the committing trial, a number of witnesses swore that they saw said Henderson taking the lumber, and the said Henderson did not deny the fact that he took it."

The court held that this was a plea of justification and entitled the defendant to open and conclude the argument.

During the progress of the case, the plaintiff's counsel offered in evidence the transcript of the testimony which had been given in on the committing trial of the plaintiff under the warrant taken out by Mrs. Francis. It was admitted, but not read to the jury. After this, counsel for the plaintiff moved to withdraw all of this evidence, except the transcript of the testimony of the defendant, Mrs. Francis. Counsel for the defendants objected, and the court refused the motion.

The evidence was voluminous and conflicting. That on behalf of the defendants went to establish the facts set up in the plea, while the plaintiff denied them.

The jury found for the defendants. The plaintiff moved for a new trial, on many grounds, including the above stated rulings. The motion was overruled, and the plaintiff excepted.

HAYGOOD & MARTIN; SPEAIRS & SIMMONS, for plaintiff in error.

HOKE & BURTON SMITH, for defendants.

BLANDFORD, Justice.

This was an action for malicious prosecution and arrest. A verdict was had for defendant, the plaintiff moved for a new trial, which the court refused; exception is taken to this ruling of the court, and error thereon is assigned here.

1. There are many assignments of error as to the charge of the court and refusal to charge. The charge of the court is set out fully in the record, and a careful examination of the same discloses no errors therein; it is full and fair, and covers all the issues in the case.

2. The refusal to charge was proper. A court is not bound to recharge the jury at the instance of either party, however legal and pertinent the request may be, when the same has been given fully and fairly in charge to the jury.

3. It is insisted that the court erred in holding that defendants' plea was a plea of justification, and in allowing the defendants to open and conclude the argument to the jury. The plea filed in this case is similar to the plea filed in the case of *The Ocean Steamship Co. vs. Williams*, 69 *Ga.*, 251, 260. That case sustains the ruling of the court below in this case.

4. Complaint is made that the court erred in refusing to allow the plaintiff's counsel to withdraw the testimony of certain witnesses, which had been taken before the committing court, and which had been introduced and put in evidence by plaintiff, but had not been read to the jury, the defendants objecting. The plaintiff suffered no hurt or detriment from this ruling of the court. The testimony was admissible, and defendants' counsel could have put the same in evidence. The plaintiff was only bound to read in evidence to the jury so much of the testimony of the witnesses as he might desire, and defendants' counsel could have done likewise. So if this be error, it is immaterial.

5. Actions of this character are not favored by the courts, and when, as in this case, it is made to appear that there was not only probable cause to induce the prosecutor to have the plaintiff arrested, but it is shown satisfactorily that the plaintiff was guilty of the offense charged against him, no action can be maintained by him against defendants in error. The verdict in this case was absolutely demanded by the evidence.

Judgment affirmed.