### 1463.   CLARK *v.* DOUGLAS.

The plaintiff's petition alleged, that he had been arrested at the instance of the defendant, on a warrant charging him with the offense of cheating and swindling, and carried before the magistrate who issued the warrant; that he asked a committal trial immediately, but that at the instance of the prosecutor the committal trial was postponed and he was required to give bond for his appearance at a later date; and that before the time set for the committal trial the prosecutor voluntarily dismissed the prosecution and paid all costs. It was further alleged that the prosecution was instituted maliciously and without probable cause, whereby plaintiff had been damaged. *Held*, it was error for the judge to sustain a general demurrer to the petition.

Action for damages, from city court of Douglas—Judge Roan. October 9, 1908.

Submitted December 10, 1908.—Decided July 31, *1909.*

*Rogers & Heath,* for plaintiff.

*C. A. Ward, Lawson Kelley,* for defendant.

RUSSELL, J. The plaintiff brought an action for malicious prosecution, alleging, that at the instance of the defendant he was arrested on a warrant charging him with the offense of cheating and swindling; that he was carried before the magistrate who issued the warrant, and that he asked a commital trial immediately, but that at the instance of the defendant the committal trial was postponed until a later date and the plaintiff forced to give bond to avoid being put in jail; that before the time set for the committal trial the defendant voluntarily dismissed the prosecution, paid all costs, and abandoned the case. It was further alleged that the prosecution was instituted with malice and without probable cause. The plaintiff laid his damages at $2,500. The trial judge sustained a general demurrer to the plaintiff's petition.

The tort of malicious prosecution is made out when the following elements appear: (1) that the prosecution has terminated in favor of the plaintiff; (2) that it was instituted maliciously; (3) that it was brought without probable cause, and (4) that it has caused the plaintiff damage. Burdick on Torts, 249. The petition in the present case contains all of these allegations, and it was error to sustain a general demurrer thereto. It was argued that, since it appears from the petition that the plaintiff did not have a committal trial, it can not be said that the action was instituted without probable cause and with malice. It is not necessary that the petition in an action of this kind should do more than allege in general terms that the prosecution was instituted without probable cause when it appears that the prosecution has terminated in the plaintiff's favor. And "a voluntary abandonment of the original prosecution, with its formal dismissal on that account, is a termination thereof in the victim's favor." Burdick on Torts, 250; *Page v. Citizens Banking Co.,* 111 *Ga.* 73 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144). The question as to whether or not the prosecution was instituted without probable cause and with malice can not be raised by demurrer, in view of the specific allegations in the petition to the effect that the defendant was actuated by malice and did not have the slightest ground for his conduct in instituting the criminal prosecution.       *Judgment reversed.*