[Snead v. Jones.]

# Snead *v*. Jones.

## *Malicious Prosecution.*

(Decided May 12, 1910.   Rehearing denied June 30, 1910.
53 South. 188.)

1. *Malicious Prosecution; Making Arrest; Aggravation.*—While a defendant is not ordinarily responsible for wrong or abuse in the manner of making an arrest which is not directed by him, yet if it appears that he aided in the arrest or ratified it. it becomes competent to show how the plaintiff was treated when arrested, and what was said and done at the time of arrest.

2. *Same; Evidence; Character of Plaintiff.*—Where evidence to impeach the plaintiff had been offered tending to show that he had been convicted of a crime involving moral turpitude, it was competent for plaintiff to introduce evidence of his good moral character.

3. *Same; Question for Jury.*—Under the evidence in this case it was a question for the jury to determine whether or not the defendant procured the indictment and whether or not the charge was true.

4. *Same; Termination of Prosecution; Judgment of Dismissal.*— Where it appears that at a regular term of the court, the plaintiff being present in person and by attorney, on motion of the solicitor, a nol pros was entered and that the defendant go hence and be discharged, such judgment was sufficient to terminate the prosecution and discharge the defendant and sufficient as a basis for malicious prosecution.

5. *Same; Instructions.*—A charge asserting that if the plaintiff went to the store of the defendant and then and there represented to one or more of defendant's clerks that he had given a note or made arrangement with Mr. S., the proprietor of the store, to buy goods on time, and thereby obtained the goods or supplies from said store, when in fact the plaintiff had not made any such arrangement for goods or supplies, the verdict must be for the defendant, omitted some of the essentials of false pretense, and was also invasive of the province of the jury.

6. *Charge of Court; Covered by Those Given.*—It is not error to refuse written charges covered by written charges already given.

(Simpson, Mayfield and Sayre, JJ., dissent.)

Appeal from Marshal Circuit Court.

Heard before Hon. W. W. Haralson.

Action by David A. Jones against John H. Snead for malicious prosecution.   Judgment for plaintiff and defendant appeals.   Affirmed.

[Snead v. Jones.]

The complaint charges that the defendant maliciously and without probable cause therefor caused the plaintiff to be indicted by the grand jury at the fall term, 1905, of the circuit court of Marshall county, Ala., for obtaining from one James Freeman goods or things of value, falsely pretending to Freeman, with intent to defraud, that he had made a note for supplies to John H. Snead, and causing plaintiff to be arrested under and by virtue of a writ of arrest issued by the circuit clerk of Marshall county on said charge. The second count is similar to the first, except that it sets up the indictment and writ of arrest. The judgment was for $2,500. The judgment in the criminal case was as follows: "On this the 23d day of April, 1907, comes the state, by her solicitor, and the defendant, in person and by attorney, and on motion of the solicitor it is ordered by the court that a nolle prosequi be entered in this cause, and that the defendant go hence and be discharged from this prosecution."

The evidence showed that Freeman was working for Snead, and that the arrest was made by J. L. Walker, deputy sheriff, and one Tom Hayes. It also showed that Freeman was the man who went before the grand jury, and that Snead was summoned before that body, and did not go until the subpœna was served upon him. It further showed that at the time the arrest was made Hayes was clerking for Snead, and that when plaintiff was arrested he was carried to Snead's store. It was further permitted to be shown that there was a passenger station at Boaz, where plaintiff was carried to board the train to be carried to Guntersville, and that there was a large number of people at the depot and around the depot when the deputy sheriff carried the plaintiff to the depot to get on the train to come

[Snead v. Jones.]

to Guntersville. It was further permitted to be shown that Snead was asked to let plaintiff make a bond, and Snead said the bond could not be made at Boaz, and suggested that they take plaintiff to Guntersville. Snead was told that Jones was fixing to pay him the debt he owed, and Snead then said he would come to Guntersville next day and help to make plaintiff's bond. It was further permitted to be shown that they put handcuffs on the plaintiff when they arrested him, and that while under arrest, and at Snead's store, Snead said to the plaintiff that he had done just what he aimed to do, and that if he did not settle the debt off he would spend $500 on it, but, if it was settled, he would not come to court against the plaintiff.

The following charges were refused to the defendant: (1) "If Snead was led reasonably and honestly to believe that plaintiff had obtained goods from his store by false pretense, then you should find the issue in favor of the defendant." (6) "If the plaintiff went to the store of the defendant, and then and there represented to one or more of defendant's clerks that he had given a note or made arrangements with Snead to buy goods on time, and thereby obtained the goods or supplies from the store of the defendant, when in fact the plaintiff had made no such arrangement, or given any notes for goods or supplies, then you cannot find your verdict against the defendant."

STREET & ISBELL, and A. F. GOODHUE, for appellant. Evidence as to who were present at the depot when Jones was carried there to be taken to Guntersville, was irrelevant.—*Marks v. Hastings*, 101 Ala. 165. Evidence as to the manner of arrest was improper.—*Motes v. Bates*, 80 Ala. 382; *Laing v. Mitcn*, 185 Mass. 233. The court erred in admitting evidence of the general

[Snead v. Jones.]

good character of plaintiff.—*McIntyre v. Lovering*, 12
Am. St. Rep. 594; *Blizzard v. Hayes,* 15 Am. Rep. 291;
*Woodworth v. Mills,* 50 Am. Rep. 135; 19 A. & E.
Enc. of Law, 698. The court erred in refusing charges
1, 6 and 7, requested by defendant.—*Lunsford v. Diet-
rich,* 93 Ala. 569; 19 A. & E. Enc. of Law, 662.

JOHN A. LUSK, for appellee. The manner of arrest
was properly permitted in evidence.—40 South. 574;
26 Cyc. 18-19. The party injured is entitled to ade-
quate compensation covering all the elements of the
particular injury.—26 Cyc. 61; 49 Ind. 341. The court
properly permitted the plaintiff to show his good
character.—*Newton v. Jackson,* 23 Ala. 335; Sec. 995,
Elliott on Evid. The court properly refused charge 1.
—*Long v. Rogers,* 19 Ala. 321; 26 Cyc. 27. Charge 5
was properly refused.—*Motes v. Bates,* 80 Ala. 382.
Charge 7 was properly refused.—1 Mayf. 348; *Luns-
ford v. Dietrich,* 93 Ala. 565. The court properly de-
nied application for new trial.

ANDERSON, J.—As a rule a defendant in a suit
for malicious prosecution is not responsible for any
wrong or abuse in the manner of making the arrest,
which was not directed by them, or in which they did
not participate or subsequently approve.—*Marks v.
Hasting,* 101 Ala. 172, 13 South. 297. But if there is
proof tending to show that the defendant aided in the
arrest or ratified same, it is competent to show how the
plaintiff was treated and what was said and done at
the time of the arrest or subsequent thereto, so long as
the defendant or his agent is present and aiding and
abetting the officer.—*Motes v. Bates,* 80 Ala. 385; Id.
74 Ala. 374; *Shannon v. Simms,* 146 Ala. 673, 40 South.
574. There was proof in this case from which the jury

[Snead v. Jones.]

could infer that Freeman was acting for the defendant in procuring the indictment, and that Hayes was acting for him when he went with the sheriff to arrest the plaintiff. Hayes and Freeman were both employed by the defendant, and the plaintiff testified to certain statements made by the defendant-and from which the jury could infer that he ratified the act of Freeman in procuring the indictment and the conduct of Hayes in assisting in the arrest. The trial court did not therefore err in letting the plaintiff show how and the circumstances under which he was arrested and what was done with him by the officer and Hayes.

There was no error in allowing the plaintiff to introduce evidence of his good character, as evidence to impeach him had been previously offered. It had been shown that he had been convicted for crime involving moral turpitude.—*Bell v. State,* 124 Ala. 94, 27 South. 414.

The defendant was not entitled to the general charge upon the theory that he did not procure the indictment or that the charge was true, as these were questions for the determination of the jury. Nor was the defendant entitled to the general charge upon the idea that the plaintiff failed to prove a judicial dismissal of the prosecution. We think the judgment entry shows the granting of the solicitor's motion to nolle prosequi the case and a discharge of the defendant and which was sufficient as a judgment of dismissal and which is unlike the judgments heretofore passed on and condemned by this court. None of them involved a nolle prosequi.

Charge 1 refused the defendant was covered by given charge 6.

There was no error in refusing charge 6 requested by the defendant. It invaded the province of the jury

[Higdon, et al. v. Stuckey.]

and was otherwise bad for pretermitting some of the essentials of false pretense.

The jury saw and heard the witnesses, and we are not prepared to say that the verdict was so palpably against the weight of the evidence as to warrant us in disturbing same.

The judgment of the circuit court must be affirmed. Affirmed.

DOWDELL, C. J., and McCLELLAN, MAYFIELD, SAYRE, and EVANS, JJ., concur.

On Rehearing.

DOWDELL, C. J., and ANDERSON, McCLELLAN, and EVANS, JJ., adhere to the former opinion and the application is overruled.

SIMPSON, MAYFIELD, and SAYRE, JJ., think that the trial court erred in not granting a new trial, and that the case should be reversed. They therefore dissent.