SHIPPEN BROTHERS LUMBER COMPANY v. JONES.

1. The evidence supported the verdict.
2. A trial court has a discretion as to making a reasonable requirement to the effect that counsel, in introducing documentary evidence, shall inform the jury of the nature or contents of such evidence. And where, after repeated notice to counsel of such regulation, he tenders documents, but does not comply with the requirement, although the documents may be admissible, the court may treat them as not in evidence and decline to allow counsel to discuss them in his argument to the jury.

MAY 19, 1914.

Trover. Before Judge Patterson. Gilmer superior court. July 11, 1913.

*T. A. Brown, A. H. Burtz,* and *J. Z. Foster,* for plaintiff.

*A. S. J. Hall* and *D. W. Blair,* for defendant.

LUMPKIN, J. Shippen Brothers Lumber Company brought an action against A. M. Jones, to recover certain lumber to which the plaintiff claimed title. The defendant denied that he was in possession of any lumber belonging to the plaintiff. The jury found for the defendant. The plaintiff moved for a new trial, which was denied, and it excepted.

1. The evidence was sufficient to support the verdict.

2. During the progress of the trial the plaintiff tendered in evidence a receiver's report showing the quantities of lumber of different descriptions at the yards of the plaintiff and reported as belonging to the defendant. The plaintiff also tendered an affidavit of the defendant, used on the hearing of a motion to dissolve an injunction. Complaint was made that the court would not allow the contents of these papers to be argued to the jury. On this subject the court added to the motion for a new trial the following note: "The papers were tendered in evidence, and the court ruled that they were admissible. But, instead of reading the same to the jury or giving the jury any information as to the contents or nature of the same, they were withheld until counsel [were] making their argument before the jury. The court had on a number of occasions notified counsel to submit all evidence to the jury as the same was admitted. The court refused to allow counsel to argue testimony which had only been offered and held admissible, but which had not been given to the jury."

Counsel for the plaintiff in error relied strongly on the decision in *Vischer* v. *Talbotton Branch R. Co.,* 34 *Ga.* 536. In that case

the complainants notified the defendant to produce, to be used in evidence, the book of minutes kept by the defendant, containing its proceedings. ' The book was produced, and the complainants read various portions of it to the jury, in one or two instances reading only a portion of the action of the board of directors as recorded, although other portions of the proceedings of the same meeting related to the same subject-matter. In the argument of counsel for the defendant, other portions of the book, not read by the complainants, were read and insisted on as evidence already before the jury. On objection the court ruled that the book was already in evidence, and refused to exclude any portion of it. Walker, J., said: "Most clearly the defendant had the right, under the ruling of this court, to read from the book 'all entries appertaining to the same transaction,' and that was, in effect, what the court below ruled;" and if this made the additional parts so read evidence for the defendant, so as to give the plaintiff the right to the opening and conclusion, no such point was raised. The authority on which the presiding judge rested his ruling in that case was *Banks* v. *Darden,* 18 *Ga.* 318. It was there held: "When books are admitted in evidence, they are testimony before the jury as to all entries appertaining to the same transaction; still, the party offering them may select and read to the jury such portions as answer for the purpose for which they were introduced by him, leaving it to the opposite party to submit any other parts that he may see fit." In *Lester* v. *Piedmont and Arlington Life Insurance Co.,* 55 *Ga.* 475, it was stated in the opinion that one ground of the motion for a new trial complained that a certain letter, written by the president of the defendant company, and introduced by the plaintiff in evidence, was read to the jury in part only, a part favorable to the defendant being omitted. The letter was thus treated as being in evidence as a whole; and it was held to furnish no ground for a new trial that the party introducing it did not read it in its entirety, and that either party might read from it such parts as served his purpose.

In *Henderson* v. *Francis,* 75 *Ga.* 178, during the progress of the case the plaintiff's counsel offered in evidence the transcript of the testimony which had been given in on the committing trial of the plaintiff under a warrant taken out by one of the defendants. It was admitted, but not read to the jury. After this, counsel for the

plaintiff moved to withdraw all of this evidence, except the transcript of the testimony of the defendant mentioned. The motion was denied. It was held that this ruling, if erroneous, was harmless, as counsel for the defendants could have put the other parts of the testimony in evidence. It was added that counsel for the plaintiff was bound only to read so much of the testimony as they might desire, and defendant's counsel could have done likewise.

Upon an examination of these cases it will be seen that none of them are similar to that now under consideration. In each of them, except that in 18 *Ga.*, the entire book or document was treated as admitted in evidence, without reading all of it. In the *Banks* case, 18 *Ga.* 318, one page of a teller's book was offered in evidence, and was admitted over objection that the whole book should be introduced, to be used by either party. In the case now before us, the court certified, that on a number of occasions he had notified counsel to submit all evidence to the jury as it was admitted; that he held these papers to be admissible in evidence, but, instead of reading them to the jury or giving the jury any information as to the contents or nature of them, they were withheld until counsel was making his argument before the jury; and that under these circumstances the court refused to allow counsel to argue testimony "which had only been offered and held admissible, but which had not been given to the jury." From this certificate it appears that the court did not treat the papers as having been introduced in evidence, but rather held that, in view of the notice which he had given to counsel, there was a voluntary withdrawal or abandonment of their introduction.

The point involved is not whether, after papers have been introduced in evidence, counsel for one side or the other may read such parts of them as may be beneficial to his client, or whether the introduction by one party of a part of a book or document, produced under notice, authorizes the admission on behalf of the other party of other portions of it relating to the same transaction. But the question is whether the court may reasonably control or direct the manner in which papers shall be introduced and presented to the jury. Has counsel the absolute right to merely say that he tenders a book or paper in evidence, without giving the court or jury any information as to its contents? Or has the court a reasonable discretion to direct that counsel, in putting evidence before the jury,

shall give the court and jury some idea of what it contains? It must be remembered that the court will have to charge the jury, and for that purpose it may be desirable that he should understand the character of the evidence being introduced. Adverse counsel may wish to know something of the nature of books or papers which are offered in evidence. The jury might like to have some idea of what sort of paper is being introduced before them. Sometimes an instrument may be treated by the court and the parties as in evidence, so as to waive its formal introduction. It will not be presumed that a court will arbitrarily require a burdensome and unnecessary reading in full of long documents, where this would not be helpful to the court, to counsel, or to the jury. But we are not prepared to hold that counsel has the unqualified right to simply state that he tenders a paper in evidence, and to decline to comply with a reasonable regulation by the court as to the manner in which it shall be laid before the jury. Nor can we hold that, under the facts of this case, the court abused his discretion in treating the papers as not properly before the jury. Counsel for the plaintiff did not state that he had misunderstood the court's requirement, or that he had in any way been misled; nor did he request that the case be so far reopened as to permit him to comply with the court's direction. The complaint is that he was not permitted to discuss the papers to the jury in his argument.

There was nothing in the motion for a new trial which requires a reversal.          *Judgment affirmed. All the Justices concur.*