27381. PRICE *et al. v.* COBB.

, DECIDED MAY 3, 1939.

*Oliver & Oliver, Kennedy & McWhorter, J. Henry Howard, Ivey W. Rountree, Prince H. Preston Jr.,* for plaintiffs in error.

*Abrahams, Bouhan, Atkinson & Lawrence, Shelby Myrick,* contra.

GUERRY, J. A. L. Cobb brought suit in the city court of Savannah against T. M. Price, a resident of Chatham County, and C. M. Daughtry, Tom D. Daughtry, Mrs. C. J. Oliver, and Mrs. Ola Brunson, residents of Screven County and children of C. L. Daughtry, deceased. Clarence J. Oliver and B. B. Barber of Screven County, and B. F. Clayton of Jenkins County were also named as defendants. The action was for malicious prosecution, and the petition alleged that the other named defendants employed defendant Price, a detective, presumably to ferret out the murder of their father and relative, C. L. Daughtry, but that the real purpose of the employment was to divert suspicion as to the murder from C.

M. Daughtry and put it on some one else; and that in furtherance of such conspiracy T. M. Price induced the solicitor-general of the circuit where the murder occurred to become a co-conspirator with the other defendants, and fraudulently induced the grand jury to return a bill of indictment against the plaintiff and others therein named, without any evidence on which to base it. In the indictment the plaintiff was charged as an accessory before the fact to the murder of C. L. Daughtry. The petition alleged that such prosecution was malicious and without probable cause. We have not attempted to set out in detail the allegations of the petition, which contained 28 paragraphs and covered 14 pages. The general and special demurrers of the various defendants covered 42 pages of typewritten matter. The case came to this court on exceptions to the order overruling the demurrers. In view of the position we take, it will not be necessary to discuss in detail the allegations of the petition and the other features of the demurrers. The petition alleged that after the indictment was returned by the grand jury in November, 1937, and "when the indictment and pending case was ruled to trial by the Hon. William Harper, presiding in said court on March 7, 1938, said Neville, solicitor-general, was unable to produce evidence to convict petitioner, and then and there entered a nolle prosequi on said indictment, and the said prosecution of petitioner then and there ended after petitioner had been unlawfully, falsely, and wilfully and maliciously indicted and prosecuted by said defendants." This is the only allegation in the petition with respect to the fact that the prosecution had terminated.

It may be well to state that actions for malicious arrest and prosecution are not favored by the courts. The action is strictly guarded, and the circumstances under which it may be maintained are accurately stated. *Hearn* v. *Balchelor,* 47 *Ga. App.* 213, 215 (170 S. E. 203) ; *Hartshorn* v. *Smith,* 104 *Ga.* 235 (30 S. E. 666) ; *Hicks* v. *Brantley,* 102 *Ga.* 264 (29 S. E. 459) ; *Cook* v. *Walker,* 30 *Ga.* 519. The Code, § 105-806, provides: "The prosecution must be ended before the right of action accrues." This provision is a sine qua non to the maintenance of the action. One of the grounds of demurrer raises this question, and contends that an allegation that an indictment has been obtained and then has had entered thereon a nolle prosequi is not alone sufficient to show that

the prosecution has ended. The prosecution also must have ended in favor of the plaintiff. We may ask in the beginning whether the prosecution and the indictment are synonymous terms, and whether an indictment contains every essential that may be embraced in a prosecution? A prosecution may be had and successfully terminated upon the swearing out of a warrant, even though an indictment had never been returned. An indictment may be quashed or a nolle prosequi entered thereon and the prosecution continue in another indictment which may be preferred. 5 Words & Phrases, 4814, defines it thus: "A nolle prosequi is a voluntary withdrawal by the prosecuting officer of *present* proceedings on a *particular* bill. At common law it might be retracted at any time, and was not a bar to subsequent prosecutions on another indictment." In *Lamp* v. *Smith,* 56 *Ga.* 589, it was said: "A nolle prosequi of a bill of indictment is a termination of the case pending on that bill, with all recognizances and other incidents of that particular prosecution. A new bill for the same offense is a new case." The point decided in that case was whether, after a nolle prosequi had been entered, the bondsman in the first case could be held liable for the production of the defendant because another indictment had been preferred for the same offense. It does not follow that the prosecution in that case was at an end. It was merely decided that the same bond would not hold the defendant where the arrest was under an indictment which had been nol-prossed.

In *Smith* v. *Craig,* 59 *Ga.* 882, it was decided that where a defendant had given bond and had then been tried, convicted, and sentenced, and had then moved for a new trial, and upon appeal of his case to the Supreme Court had given a new bond to appear and abide the final sentence or judgment of the court, and upon appeal his conviction was affirmed, there could be no forfeiture of the original bond. The last bond given transferred the custody of the prisoner from the first bond to the bail on the supersedeas bond. This fact, however, did not mean that the prosecution was at an end. Neither is *Clark* v. *Black,* 136 *Ga.* 812 (72 S. E. 251), authority for a contrary holding. Under the Code, § 27-1801, a nolle prosequi may be entered by the solicitor with the consent of the court. In such a case a new indictment may be found within six months from the time the first indictment is quashed or the nolle prosequi entered. Neither the quashing of the indictment

nor the entering of a nolle prosequi is necessarily an end to the prosecution until the bar of the statute becomes effective. In *Turner* v. *State*, 25 *Ga.* 146, which was decided before the present act which requires the consent of the court to the entering of a nolle prosequi, it was said, in discussing the effect of a nolle prosequi: "Besides, the solicitor-general has the unlimited power of 'nol. prossing' the bill of indictment, and then of preferring it again. The exercise of such a power is but a roundabout way of continuing the case." Its effect therefore is not necessarily the ending of the prosecution, but the continuance of the same. Not until the expiration of the six-months period within which a new indictment for the same offense may be preferred, or some other act or declaration which amounts to an abandonment, is the prosecution at an end. The law places an indictment which has been quashed, or has had a nolle prosequi entered thereon, upon the same basis, so far as the prosecution is concerned, as a continuance, unless some other affirmative act or declaration is alleged. Neither irrevocably ends the prosecution. May it be said that a defendant has had a successful termination of the prosecution before the six-months statute has run, because the solicitor in drawing the indictment left out a material allegation or a special demurrer was sustained thereto, and then either quashes or enters a nolle prosequi thereon? If another indictment is drawn for the same offense, it may be a different bill of indictment, and in this sense a new case, but it is the *same* prosecution. The basis of the action for malicious prosecution is not alone the preferring of the bill; it is the spirit or motive that brought into life the warrant or bill of indictment. Until the law has concluded the efforts of such motive or spirit to continue a prosecution, or some act or declaration of such persons has put an end to the prosecution, it is not at an end. The indictment does not constitute the entire malicious prosecution, nor does it preclude the fact that the plaintiff might not be reindicted and convicted on another indictment for the same offense. To hold otherwise seems to us to be holding that a recovery might be had solely because the indictment is nol-prossed, although it was possible, on a new indictment, to have conviction of the plaintiff for the same offense concerning which the prosecution is alleged to have been terminated.

In so holding we recognize that we are running contrary to the

weight of authority in other jurisdictions. See 38 C. J. 444. In one of the cases there cited in support of this conclusion, Snead v. Jones, 169 Ala. 143 (53 So. 188), we find that the decision of the lower court in so holding was affirmed by an evenly-divided court. We think the sounder rule is presented in the language of Hurd v. Shaw, 20 Ill. 356, where it was said: "Few persons will be found willing to perform the high public duty of prosecuting an offender, if they are to be subjected to the whims and caprices of the State's attorney by whose act alone the prosecution can be abandoned at any stage or exposed to the mistakes he may commit in preparing the indictment." The minority rule which we are following holds that it is too early to bring an action on the heels of a nolle prosequi, because the plaintiff is still exposed to prosecution for the same offense. In Murphy v. Moore (Pa.), 11 Atl. 655, it was held that a nolle prosequi was insufficient to show that the plaintiff had gained a successful termination of the prosecution against him. In Giles v. Jeffries, 5 Pa. Dist. 129, it was held that the entry of nolle prosequi did not overcome the effect of a subsequent conviction. This principle was followed in Garing v. Fraser, 76 Me. 37, and in a long line of Massachusetts cases. We think, however, that our own courts have followed the true rule. In Page v. Citizens Banking Co., 111 Ga. 73 (5) (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144), it was said: "Abandoning the prosecution before the committing magistrate, and procuring him to grant an order dismissing the warrant and discharging the accused on the ground that the prosecutor had no evidence whatever to offer against him, amounts to a termination of the prosecution, when no further action thereon is taken." (Italics ours.) See also Pickard v. Bridges, 7 Ga. App. 463 (67 S. E. 117). In Hartshorn v. Smith, supra, it was said: "Though one arrested on a criminal warrant be discharged by the magistrate, yet if the prosecutor with due diligence follows up the prosecution and carries it on in a court having jurisdiction to try the case upon its merits, this is in effect a continuation of the original prosecution." (Italics ours.) We quote further: "But, in all reason, he should not be allowed to maintain such an action [malicious prosecution] when substantially the same criminal prosecution as the one upon which he founds his action is still in the courts undisposed of."

If a subsequent indictment might be returned against the plain-

tiff for the same offense as charged in this case, and it does not otherwise appear that the prosecutors have abandoned the prosecution, and that it may still be brought in the courts and a final verdict of conviction based thereon, the prosecution may not be said to be at an end. The entry of nolle prosequi in the present case was made on March 7, 1937. This petition was filed on March 26, 1937. Whatever cause of action the plaintiff may have asserted must have existed at the time the petition was filed. If a new indictment for the same offense could have been preferred, it can not be said that the prosecution itself is at an end. No other act or declaration is alleged, showing that the defendants or the solicitor-general·had abandoned any further prosecution, nor had sufficient time elapsed to preclude the action. We think, therefore, the petition failed to allege a necessary fact precedent to the cause of action, to wit, the termination of the prosecution. The facts were alleged upon which the plaintiff's conclusion that the prosecution had ended was based. Such facts do not alone demand such a conclusion, and the petition failed to set out a cause of action. Under this view of the case it becomes unnecessary to consider other demurrers interposed.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*