41168, 41169. LOVETT v. THE STATE (two cases).

Eberhardt, Judge. Prior to 1962, the Code sections dealing with the form and contents of affidavits and warrants provided that a substantial compliance with their provisions would be sufficient. See former *Code* §§ 27-104, 27-105. A case on all fours with the present case, decided under these former Code sections, held the demurrer properly overruled. *Williams v. State,* 107 Ga. 693 (1) (33 SE 641).

Then the General Assembly acted with the passage of Ga. L. 1962, p. 668 (*Code Ann.* §§ 27-103.1, 27-104, 27-105) and the repeal of the former law. The new statutes required further information in affidavits and warrants (*Code Ann.* § 27-103.1). The language "substantial compliance" was omitted.[1] Fur-

---

[1] Former *Code* § 27-104, setting out the form of affidavit for arrest, began "An affidavit *substantially* complying with the following form shall, in all cases be sufficient. . ." (Emphasis added). The new law begins "An affidavit complying with the following form shall, in all cases, be sufficient. . ." The warrant form section (*Code Ann.* § 27-105) was identically changed.

thermore, while the language of the forms remained the same, where a blank for setting out the offense formerly appeared the legislature now specified, in bold face type: "(insert here all information describing offense as required by Code section 27-103 and Code section 27-103.1)." The obvious intent of the legislature in making these changes was to insist that affidavits and warrants comply with the statutory standard of required information.

Thus, the General Assembly has eliminated the basis for the decisions in *Williams v. State,* 107 Ga. 693 (1), supra, *Dickson v. State,* 62 Ga. 583, *Kumpe v. Hall,* 167 Ga. 284 (145 SE 509), *Cain v. Kendrick,* 199 Ga. 147 (33 SE2d 417) and cases of similar import. They are no longer controlling.

"The rule that penal laws are to be construed strictly is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department." United States v. Wiltberger, 5 Wheat. 76. This declaration of Chief Justice Marshall, reaching back across the centuries since Runnymede, stands unchanged through the years and is undiminished in the respect and observance afforded it by English speaking judges wherever they sit.

The trial judge should have sustained the general demurrer. Proceedings after overruling it were nugatory. *State Hwy. Dept. v. Reed,* 211 Ga. 197 (4) (84 SE2d 561).

*Judgments reversed. Nichols, P. J., and Pannell, J., concur.*

DECIDED MARCH 10, 1965.

*Limerick L. Odom,* for plaintiff in error.
*Harry H. Hunter, Solicitor,* contra.