42617.   LOWE v. TURNER et al.

Argued March 6, 1967—Decided March 17, 1967—Rehearing denied March 29, 1967—

L. D. Skaggs, for appellant.

Grant & Matthews, William F. Grant, C. G. Matthews, John C. Walden, for appellees.

Felton, Chief Judge. ■ "An arrest based upon a warrant

which is void furnishes no basis for action for malicious prosecution." *J. C. Penney Co. v. Green,* 108 Ga. App. 155, 157 (132 SE2d 83) and cit.; *Cary v. Highland Bakery, Inc.,* 50 Ga. App. 553, 555 (179 SE 197). The new and stricter statutes dealing with the form and contents of affidavits and warrants, Ga. L. 1962, p. 668 (*Code Ann.* §§ 27-103.1, 27-104, 27-105), omit the "substantial compliance" language formerly used and, hence, require compliance of affidavits and warrants with the statutory standard of required information. *Lovett v. State,* 111 Ga. App. 295 (141 SE2d 595). *Code* § 27-103 (Ga. L. 1865-6, p. 235) requires the statement of the offense, the county in which the same was committed and the time when committed. *Code Ann.* § 27-103.1 contains the additional requirements of the date and place of occurrence of the offense, against whom such offense was committed, and a statement describing the offense.

The affidavit in the present case, made by J. M. Turner d/b/a Turner Concrete, Inc., stated the offense as "Passing a worthless check ($1,289.50)" and named the county (Elbert) and date (December 13, 1962) of its commission. Neither the affidavit nor the warrant states the *time* when committed (other than the date), the *place of occurrence* of the offense (other than the county), *against whom* the offense was committed (other than showing who made the affidavit) nor a *description* of the offense, other than "passing a worthless check ($1,289.50)." The accusation describes the charge against the plaintiff thus: "For the said H. N. Lowe in the said county with force and arms did then and there unlawfully draw and utter a certain draft or check in the amount of $1,289.90 [sic] and having drawn said draft or check the defendant did not then and there have in the hands of said bank sufficient funds to pay said draft and did not then and there within 30 days thereafter deposit with said bank sufficient funds to pay said draft or check." The accusation purports to charge an offense under *Code Ann.* § 13-9933 (Ga. L. 1962, p. 593), but fails to allege two necessary elements of that statute, viz., scienter and intent to defraud, hence was a void accusation. *McCain v. Smith,* 221 Ga. 353 (144 SE2d 522). Furthermore, the accusation is based upon the affidavit

of one L. Adger Moore, whereas the warrant was issued on the defendant Turner's affidavit. While it has been held that it is not essential to the validity of the accusation that the warrant be issued on the affidavit on which the accusation is based (*Brown v. State*, 109 Ga. 570 (2) (34 SE 1031)), the accusation does not even state the date of the alleged affidavit (other than "1964"), a fact we think the plaintiff accused was entitled to know. A further defect is the variance between the amounts of the check as alleged in the accusation and in the warrant.

The plaintiff's arrest having been based upon a void warrant and accusation, the petition does not state a cause of action for malicious prosecution under the authorities hereinabove cited.

■ Even though the petition fails to state a cause of action under the theory designated by the plaintiff, viz., malicious prosecution, if it states a cause of action under any legal theory, the general demurrer should have been overruled. *Smith v. Embry*, 103 Ga. App. 375 (1) (119 SE2d 45); *Hubbard v. Bibb Brokerage Co.*, 44 Ga. App. 1, 17 (160 SE 639) and cit.; *Malone v. Robinson*, 77 Ga. 719.

The petition also does not state a cause of action for malicious arrest. "If the warrant or process is void, an action for false imprisonment is the exclusive remedy [cases cited]." *Lovell v. Drake*, 60 Ga. App. 325 (3 SE2d 783); *Godfrey v. Home Stores, Inc.*, 101 Ga. App. 269, 274 (114 SE2d 202); *Smith v. Embry*, supra, p. 378.

To sustain an action for false imprisonment it is not necessary to show malice and want of probable cause, but only that the imprisonment was unlawful. *Sheppard v. Hale*, 58 Ga. App. 140, 142 (197 SE 922); *Vlass v. McCrary*, 60 Ga. App. 744, 745 (3) (5 SE2d 63). Although it is not alleged that the plaintiff was actually placed in prison, all that is required under *Code* § 105-901 is the "unlawful detention . . . for any length of time," including either a detention or an arrest, which is alleged in the present petition. *Conoly v. Imperial Tobacco Co.*, 63 Ga. App. 880, 885 (12 SE2d 398) and cit. The imprisonment was unlawful in that it was based upon a void warrant, as hereinabove held. Furthermore, "[i]t is no defense that a person perpetrating an illegal arrest or imprisonment is ignor-

ant of the illegality of his acts. Knowingly committing or participating in an act which is in fact illegal is sufficient to fix liability." *Stembridge v. Wright,* 32 Ga. App. 587 (5) (124 SE 115).

The petition stated a cause of action at least for false imprisonment; therefore, the court erred in its judgment sustaining the general demurrer thereto.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*