44163. DIXON v. S. S. KRESGE, INC.

ARGUED JANUARY 7, 1969—DECIDED APRIL 25, 1969—
REHEARING DENIED JUNE 12, 1969.

E. A. Deal, Robert W. Cagle, for appellant.

Smith, Cohen, Ringel, Kohler, Martin & Lowe, H. A. Stephens, Jr., for appellee.

QUILLIAN, Judge. Formerly, the rule has been "to sustain an action for false imprisonment it is not necessary to show malice and want of probable cause, but only that the imprisonment was unlawful." Lowe v. Turner, 115 Ga. App. 503, 506 (154 SE2d 792). However, Code Ann. § 105-1005 states that where a person reasonably thought to be engaged in shoplifting is detained or arrested, there shall be no recovery in an action for false arrest or imprisonment "where it is established by competent evidence that the plaintiff had so conducted himself, or behaved in such manner, as to cause a man of reasonable prudence to believe that such plaintiff was committing the offense of shoplifting, as defined by the statute of this State." Ga. L. 1958, p. 693. Thus, it is apparent that under the law probable cause, or more accurately "reasonable" cause, is the determinative factor in a case of this nature.

The evidence showed that the plaintiff was in the presence of, and talking with, the other party who removed a hat from the counter, tore out the price tag and placed it on his head. Code Ann. § 26-2641 provides that "any person who shall aid, assist or abet another in any of the acts constituting shoplifting shall be deemed guilty of shoplifting." A witness for the defendant admitted that he did not believe that the plaintiff "of himself"

had done any shoplifting or had taken anything. However, a man of reasonable prudence might well have believed that the plaintiff was aiding, assisting or abetting the other party in shoplifting. In defining aiding and abetting this court held in *Loeb v. State*, 6 Ga. App. 23, 30 (64 SE 338): "The two words together 'comprehend all assistance given by acts, words, or encouragement, or by presence actual or constructive.'"

Probable cause has been defined as "the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of a crime for which he was prosecuted." *Turner v. Bogle*, 115 Ga. App. 710, 712 (155 SE2d 667). Judge Eberhardt, writing the opinion in the *Turner* case, also pointed out (p. 713): "The General Assembly has declared it the public policy of this state that there should be no recovery in an action for false arrest or false imprisonment arising out of the detention or arrest of one who the owner or operator (or their agents or employees) might, by reason of his conduct or behavior, have had reasonable cause to believe was shoplifting." Here, as required by *Code Ann.* § 105-1005, there was some evidence, although disputed, that the plaintiff had conducted himself in such manner as to cause a man of reasonable prudence to believe he was shoplifting, as defined by law. Under such circumstances, the determination of this issue was for the jury and will not be controlled by this court.

The trial judge did not err in denying the motion for judgment notwithstanding the verdict and in overruling the motion for new trial.

■ The two charges objected to were correct statements of law as reiterated in Division 1 of this opinion and were adjusted both to the pleadings and to the facts and circumstances of this case. Hence, they were not error for the reasons assigned.

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Eberhardt, Pannell, Deen and Whitman, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. 1. Traditionally, the burden of proof in this kind of action has been on the plaintiff and prior to Ga. L. 1958, p. 693 (*Code Ann.* § 105-1005), malice and probable cause were not necessary ingredients. The 1958

Act was intended to make probable cause an affirmative defense with the burden of proof on the defendant. Isaiah v. Great Atlantic & Pacific Tea Co., 111 Ohio App. 527 (15 Ohio Ops. 2d 291, 174 NE2d 128, 86 ALR2d 430).

■ The defense of probable cause was not raised by the pleadings of the defendant. The proffered defense by the defendant in its pleadings *and evidence* showed only one defense and that was that the agent of the defendant did not arrest or detain the plaintiff. The very definition of probable cause, cited by the majority from *Turner v. Bogle*, 115 Ga. App. 710, supra, precludes the consideration of such a defense because the very existence of probable cause depends on the fact that the facts and circumstances surrounding the conduct of the person charged with the offense *must have been acted upon* by the person for whose benefit the probable cause defense was enacted.

■ The charges excepted to by the plaintiff were erroneously given by the court: (1) Because probable cause was not claimed or urged by the defendant, either as of the time of the trial or as of the time of the alleged detention. (2) There is no evidence that the defendant consciously acted on facts it considered probable cause at the time of the alleged detention. (3) Even if there could be a determination from the facts and circumstances in the case that if the agent of the defendant had considered the question of probable cause (which is contrary to fact) he would have been justified in concluding that he had probable cause for the detention, neither the agent (nor the appellee) can at this stage of the game utilize the claim. And even though the agent did not need to reach the question of probable cause, because he testified that he did not in fact detain the plaintiff by force or coercion, the evidence, wholly circumstantial, is not sufficient to show that the agent of the defendant had probable cause to believe that the plaintiff aided and abetted Mr. Matthews in shoplifting. I think the court erred in overruling the appellant's motion for a new trial.