### 46604, 46677. COURTENAY et al. v. RANDOLPH; and vice versa.
### 46676, 46678. GOLFLAND MOTEL, INC. et al. v. RANDOLPH; and vice versa.

PANNELL, Judge. In these companion cases plaintiff filed two-count complaints against the respective defendants. Count 1 alleged malicious prosecution and Count 2 false imprisonment. The trial court denied defendants' motions for summary judgment as to Count 1 and granted their motions as to Count 2. We are treating these rulings in the reverse order.

1. (Count 2). If the plaintiff was arrested under a void warrant the action is for false imprisonment and if the warrant is valid malicious prosecution is the remedy. *Smith v. Embry,* 103 Ga. App. 375 (3) (119 SE2d 45); *Lowe v. Turner,* 115 Ga. App. 503 (154 SE2d 792). Two warrants for the arrest of plaintiff were issued for defrauding an innkeeper. The affidavits both fail to state the time when the crime was committed. Plaintiff contends that this defect voids both warrants. She relies upon the cases of

*Lowe v. Turner,* supra, and *Lovett v. State,* 111 Ga. App. 295 (141 SE2d 595). Neither case holds that the failure to state the time of commission of the crime in the affidavit, standing alone, will cause an otherwise sufficient affidavit and warrant to be void. In *Turner* the affidavit failed to state the time of commission, the place of occurrence and a description of the offense. In *Lovett* the affidavit and warrant only charged the defendant with the offense of misdemeanor on a named date. Here the affidavits sufficiently charged the dates of commission, the places of occurrence including the county, against whom the offense was committed, and a description of the offense of defrauding an innkeeper which is enough to show a strict compliance with *Code* §§ 27-103 and 27-103.1. The failure to state the time of commission is a mere technical defect and does not void the warrant. As the warrant is valid, the plaintiff cannot successfully maintain the action for false imprisonment and the grant of the summary judgments as to Count 2 must be affirmed.

2. (Count 1). The only issue presented as to the malicious prosecution count is whether the prior criminal cases terminated in plaintiff's favor. That is an essential element of malicious prosecution. *Clark v. Douglas,* 6 Ga. App. 489 (65 SE 304). The trial court which had jurisdiction over the offenses placed the cases on the court's dead docket. *Code* § 24-2714 (7). Placing a criminal case on the dead docket postpones the prosecution indefinitely "but [it] may be reinstated any time at the pleasure of the court." *Newman v. State,* 121 Ga. App. 692, 694 (175 SE2d 144). The provisions of our law in reference to the dead docket (since the Code of 1895, § 797 PC) reads as follows: "A docket of criminal cases, to be known as the dead docket, to which cases shall be transferred at the discretion of the presiding judge, and which shall only be called at his pleasure. When a case is thus transferred, all witnesses who may have been subpoenaed therein shall be released from further attendance until resub-

poenaed." Prior to the Code of 1895 and back to our original Code of 1863 (§ 262 (4)), the law in reference to criminal dockets reads as follows: "A docket in which must be entered all criminal cases which have been on the criminal docket for as much as five years without any existing arrest, and which must be inspected by the court, at least once every year, that if necessary, any case may be re-transferred to the criminal docket." Placing a case upon the dead docket certainly constitutes neither a dismissal nor a termination of the prosecution in the accused's favor. A case is still pending which can be called for trial at the judge's pleasure, or upon which the accused can make a demand for trial. *Newman v. State,* 121 Ga. App. 692, supra. While this court in *Newman v. State,* in comparing the dead docket law with nolle prosequi without leave in North Carolina made the statement "with both, the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court," no reinstatement is required under the Georgia statute relating to the dead docket. No "reinstatement" is necessary, other than a possible "reinstatement" of the cases to the active docket. There is no language whatsoever in the Code section which states that the case can be "reinstated" at the pleasure of the court, or any other language indicating that a case is terminated in favor of the defendant when it is placed upon the dead docket. Even in our practice where a nolle prosequi is entered, the case is still pending for a period of six months and terminates then because that is what the statute provides. *Code* § 27-601 (4). Since no reinstatement of the case is necessary before it can be called for trial, it must, as a necessity, still be pending in the court. Certainly, where a case needs no reinstatement or rebringing by new accusation or indictment, and can be brought to trial at the pleasure of the judge or upon the demand of the accused as a matter of right (*Newman v. State,* 121 Ga. App. 692, supra), it cannot be said to have terminated favorably to the accused; nor can it be said the prosecu-

tion has been abandoned so long as the case is pending. We find no other evidence of abandonment of the prosecution. The trial judge erred in overruling the defendant's motion for summary judgment as to Count 1 of the petition.

*Judgment affirmed in part; reversed in part. Jordan, P. J., Hall, P. J., Eberhardt, Quillian and Clark, JJ., concur. Bell, C. J., Deen and Evans, JJ., concur in part and dissent in part.*

ARGUED OCTOBER 4, 1971—DECIDED FEBRUARY 25, 1972.

*Gerstein & Carter, Joe W. Gerstein, Richard F. Livingston, Jr., James H. Weeks,* for Courtenay.

*Neely, Freeman & Hawkins, Thomas H. Harper, Jr.,* for Golfland.

*Holcomb & McDuff, Frank D. Holcomb, Robert McDuff, John H. Ramsaur,* for appellee.

EBERHARDT, Judge, concurring. We think the majority view is correct, particularly since this type of action is not favored by the courts. "This action is strictly guarded, and the circumstances under which it may be maintained are accurately stated; it is never encouraged, except in plain cases; were it otherwise, ill consequences would ensue to the public, for no one would willingly undertake to vindicate a breach of the public law and to discharge his duty to society, with the prospect of an annoying suit staring him in the face." *Ventress v. Rosser,* 73 Ga. 534, 541. Accord: *Henderson v. Francis,* 75 Ga. 178, 181; *Joiner v. Ocean Steamship Co.,* 86 Ga. 238, 245 (12 SE 361). "The action is not favored by the law, and especially is this true where the suit is based upon a criminal proceeding against the plaintiff; for public policy favors the exposure of crime, which a recovery against a prosecutor obviously tends to discourage." *South Ga. Grocery Co. v. Banks,* 52 Ga. App. 1, 8 (182 SE 61).

With this policy firmly settled in the law there should be no construction of the law or the facts to give rise to an

action unless it is clearly and plainly demanded. Consequently, the construction by Judge Pannell of *Code* § 24-2714 (7), which provides for a "dead docket" for criminal cases, the transfer of cases thereto and that when this has been done the case "shall only be called at [the judge's] pleasure," is in keeping and is correct. Certainly if, as the Code section provides, the judge may call the case for trial at his pleasure it cannot be said that it is at an end. The case is viable—alive, though on the dead docket! Nor, under the fixed policy relative to these cases, can we infer an abandonment from a transfer of a case to the dead docket; if there is an inference it must be otherwise.

It should be noted that this conclusion does not deprive the plaintiff of a remedy. He may obtain a termination of the case by filing a demand for trial, after which he must be tried or the prosecution discharged. *Code* § 27-1901. If he had objected to placing the case on the dead docket it would have been an abuse of discretion and a deprivation of his constitutional rights to do so (*Newman v. State,* 121 Ga. App. 692, supra), for he could not be denied a speedy trial.

Our judgment, being but a determination of prematurity, will not become res judicata as to the merits.

I am authorized to state that Presiding Judge Hall and Judge Clark join in this concurrence.

BELL, Chief Judge, concurring in part and dissenting in part. I concur in Division 1 but I dissent from Division 2 of the majority opinion. The trial court, which had jurisdiction over the offenses, placed the cases on the court's dead docket. *Code* § 24-2714 (7). The time factors involved are of significance. Both warrants were issued on June 20, 1968. The orders placing the cases on the dead docket were dated July 16, 1968, and both state: "It appearing that the within defendant being in the common jail of DeKalb County and due to her proverty [sic] she is unable to make an appearance bond, and further in view of the fact that she has been in jail some twenty-seven (27) days it is of the opinion of the court that the ends of justice would best be met by placing said case upon the dead docket until further order

of the court, and it is so ordered." Plaintiff filed her complaints in June, 1970; answers were filed in July of 1970. Motions for summary judgment were filed in January, 1971, in case No. 46676 and in June, 1971, in case No. 46604. Both motions were supported by accompanying affidavits of counsel for respective defendants and state in part that a diligent search of the records of the trial court having jurisdiction of the cases reveals that the last action taken in either case was the order of July 16, 1968, placing the cases on the dead docket. Accordingly, this part of the defendant's proof shows that more than two years elapsed since the dead docketing of the cases and that no further action was taken. Merely placing a criminal case on the dead docket does not necessarily of itself show that the prosecution has or has not ended insofar as malicious prosecution purposes are concerned. Thus, the question is does the dead docketing of the criminal proceedings along with evidence of abandonment of the prosecution permit the conclusion that the case has terminated in the accused's favor authorizing the action of malicious prosecution? In *Hartshorn v. Smith,* 104 Ga. 235, 237 (30 SE 666), the Supreme Court stated: "if a criminal prosecution has been dismissed with no intention of commencing it again, or if delay has been made in commencing the prosecution again, so as to lead the accused to believe that it has been finally terminated, and if he then and at once commences his action for a malicious prosecution, he might probably maintain the same." Abandoning the prosecution before the committing magistrate amounts to a termination of the prosecution when no further action is taken. *Page v. Citizens Banking Co.,* 111 Ga. 73 (5) (36 SE 418, 51 LRA 463, 78 ASR 144). In *Price v. Cobb,* 60 Ga. App. 59 (3 SE2d 131), a nolle prosequi was entered to an indictment and shortly thereafter an action for malicious prosecution was brought. We held that the action could not be maintained as there was neither a showing that the six months statute of limitation under *Code* § 27-601 (4) had run nor a showing in the petition that defendants or the solicitor general had abandoned any

further prosecution. The six months limitation on obtaining a new indictment where a nolle prosequi has been entered cannot apply to a proceeding which has been placed on the dead docket. Nonetheless, based upon the above authorities, dead docketing coupled with a lapse of an unreasonable length of time with no further action taken by anyone towards a view to recommencing the prosecution, would authorize the conclusion that the proceedings have been abandoned and thus a favorable termination so as to permit a malicious prosecution suit. The defendants as movants have the burden of proof on summary judgment and the opposing party is given the benefit of all favorable inferences drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). From defendants' proof that no further action has been taken in the criminal cases in more than two years since the dead docket entries, it can at the very least be justifiably inferred that the criminal proceedings have been abandoned and consequently terminated in plaintiff's favor. The denial of the motions as to Count 1 of the complaints was proper as defendants have not sustained their burden of proof on motion for summary judgment. I would affirm.

I am authorized to state that Judges Deen and Evans concur in this dissent.