### BLOCKER *v.* CLARK, sheriff.

1. Where a valid warrant is placed in the hands of an arresting officer, and there are two persons bearing the name appearing in the warrant, the officer must make diligent inquiry as to the person intended to be arrested, and if after such inquiry the officer in good faith arrests a person of that name whom he honestly believes to be the person named in the warrant, he will not be liable in an action for false imprisonment founded on the mere fact of arrest, even though the person arrested be innocent of the charge and not the person for whom the warrant issued. If, however, after such arrest, information reaches the officer that a mistake has been made, and the person arrested is not the person for whom the warrant issued, and the officer thereafter detain such person in custody, he will be liable in an action for false imprisonment for such detention.

2. When an officer arrests a person under a warrant, the law charges him with the duty of carrying, with reasonable diligence, the person arrested

before a committing magistrate; but the officer will not be liable to the person arrested for a breach of this duty when the delay is occasioned by the conduct of the person arrested.

3. In the trial of an action against an officer for false imprisonment, upon the ground that the plaintiff who bore the name stated in the warrant was not the person for whom the warrant issued, it is not necessary to the maintenance of the action that it should appear that the officer made the arrest "out of spite" or "a reckless disregard for the rights and liberties of the citizen." In such a case if the officer act in good faith, he is protected; but good faith may be negatived in other ways than by proof of spite or recklessness. The mere want of ordinary care is in some circumstances inconsistent with good faith.

Argued June 8,—Decided August 13, 1906.

Action for false imprisonment. Before Judge Eve. City court of Richmond county. January 2, 1906.

Charles Blocker brought his action against John W. Clark, alleging that the defendant was the sheriff of Richmond county; that H. C. Hall made an affidavit that Charles Blocker had committed the offense of simple larceny, and on this affidavit a warrant was issued for the arrest of Charles Blocker and placed in the hands of Clark, and by him turned over to his deputy for execution. On the warrant appeared the following memoranda: "Weighs about 160 pounds; brown skin; five feet, ten inches, farm hand; lives in Tutt's Extension, on Woodlawn Road." On this warrant the deputy arrested the plaintiff. At the time of the arrest the plaintiff denied that he had committed the offense charged in the warrant, and protested that he was not the person for whom the warrant was issued. Notwithstanding this denial and protest, plaintiff was taken into custody, and the deputy refused to carry him before a judicial officer, but lodged him in jail, where he remained for four days. It is alleged that the plaintiff did not answer the description set forth in the memoranda, in that he was six feet three inches high, and was distinctly black, that he had not worked on a farm for ten years or more, but worked as a fireman for an oil company in the city of Augusta, and that he did not live and had never lived in Tutt's Extension, but in the city of Augusta some distance from that place, Tutt's Extension being outside the city in the village of Harrisonville, about a half mile distant from his place of residence. Upon being released from jail plaintiff reported to his employer, who told him that his place had been filled, as he thought he had gone to the chain-gang. He had been unable to secure work

as remunerative as that which he had at the time of his arrest. Damages were laid in the sum of $500. The defendant filed an answer, in which he admitted that the arrest had been made by his deputy, but denied that the defendant protested his innocence, etc. The statement as to the remark of his former employer was also denied. The answer further alleged that it was the duty of the defendant to execute all legal warrants placed in his hands, and that the warrant was in all respects regular. He placed it in the hands of his deputy, and the plaintiff bore the same name as the person charged in the warrant, and the deputy making the arrest acted in good faith and with reasonable diligence and caution. The answer contained this allegation: "After arresting him it was the duty of the arresting officer to imprison him, unless he requested to be carried before a judicial officer. He made no such request. In taking the plaintiff to jail said deputy sheriff conformed to the usual practice in such cases, taking steps to prevent the escape of the prisoner but treating him with humanity in all respects, consistent with the officer's duty to keep him safely. After plaintiff was safely lodged in jail, defendant or his said deputy had no other duty to perform in reference to him. It was then for the plaintiff, who knew the law, to take steps to be brought before a judicial officer and be released." A copy of the affidavit and warrant, with the entry of arrest, was attached to the answer as an exhibit. At the trial the jury returned a verdict for the defendant, and the plaintiff assigns error upon the overruling of his motion for a new trial.

Citations from briefs (other than those in the opinion): Civil Code, §§ 885, 897, 899, 901, 3826, 3851-2, 5700; *Ga. R.* 73/664; 77/301, 419; 83/148; 86/238; 94/206; 111/85; 114/354; 121/-665; 14 Mass. 181; 121 Mass. 515; 2 Am. & Eng. Enc. L. 845; 12 Ib. 745, 768; 19 Cyc. 342; 52 S. E. 427; 17 S. W. 772; 26 S. W. 1001; 55 N. W. 999.

*William H. Fleming,* for plaintiff.

*Joseph B. & Bryan Cuming* and *G. M. Beasley,* for defendant.

COBB, P. J. (After stating the foregoing facts.)

1. It is absolutely essential to the validity of a warrant that the person to be arrested should be identified by the terms of the warrant. The usual method of identifying the person to be arrested is by the insertion therein of his name. It is not, however, indis-

pensable that the name of the person to be arrested should appear in the warrant, for a warrant may be valid although it may not contain the name of the person whose arrest is directed. But if the warrant does not contain the name, it must contain sufficient data to identify the person to be arrested thereunder. This may be done by stating his occupation, his personal appearance, peculiarities, place of residence, or other means of identification. When, however, the warrant contains the name of the person, the officer executing the same must rely upon the name alone, and can not justify the arrest of a party whose name is other than that appearing in the warrant, even though he is the person intended. Voorhees on Arrest, §§ 39-40. A warrant issued against John Doe, "the person carrying off the cannon," was held not to justify the arrest of Levi Mead, although he was taken in the act of carrying off the cannon, and was the person intended. Mead v. Hawse, 7 Cowen, 332. A warrant issued for Robert J. Williams was executed by arresting Spencer Riley, and it was held that all concerned in the arrest were trespassers, although Robert J. Williams and Spencer Riley were one and the same person. In such cases it is incumbent upon the officer seeking to justify the arrest to show that the person was as well known by the one name as by the other. *Johnson* v. *Riley,* 13 *Ga.* 97, 137. See also cases cited in note to Eames v. State, 44 Am. Dec. 291. A warrant was issued against John Hoye, and Richard Hoye was arrested thereunder. The officer was held liable for plaintiff's imprisonment, notwithstanding it appeared that Richard Hoye was the person against whom the warrant was intended to issue. Hoye v. Busch, 29 E. C. L. 649, 1 M. & G. 775. See also West v. Cabell, 153 U. S. 78. If the person arrested represents to the officer that he is the individual named in the warrant, or otherwise misleads the officer as to his identity, the arrest is not illegal; and neither is his detention under the warrant illegal until the officer receives information indicating that the person so arrested was not the person named in the warrant. 5 Enc. Laws of Eng. 313; Dunson v. Patterson, 89 E. C. L. 495. It will thus be seen that an officer arresting one not bearing the name set forth in the warrant acts at his peril, and will be held liable as a trespasser, even though the person actually arrested was the person intended to be charged, unless he makes it appear that such person was as well known by the name appearing in the

warrant as by the other name which he bore. When the warrant is regular upon its face, and issues from a court of competent jurisdiction, it is the duty of the officer in whose hands it is placed to arrest the person named therein, and no other. If the person named therein is arrested, the officer is justified in making the arrest, notwithstanding it may thereafter appear that the person arrested was not the person intended, and that a mistake was made in the name inserted in the warrant. The prosecutor who made a mistake as to the name might be liable to the person unlawfully arrested, but the officer would be blameless. The officer may take into consideration any information that he may receive outside of the terms of the warrant, in order to locate the person named therein, but his duty at last is to arrest the person named. The memoranda in the present case were not part of the warrant; and if the officer had arrested a person of the exact description contained in the memoranda, he would have been a trespasser, if that person did not bear the name of Charles Blocker, and was not well known by that name. If the memoranda had been a part of the warrant, the officer would have been a trespasser in following the memoranda in making the arrest, if the person arrested was not named Charles Blocker. An officer in whose hands a warrant is placed is charged with a duty of examining the same to ascertain the person identified by the warrant. If the person is identified by description, and not by name, he must exercise due diligence in applying the description in the warrant to the person arrested. If he in good faith arrests a person answering the description in the warrant, he is not a trespasser in making the arrest, but may become one if he holds the person arrested, after he receives information that such person was not the person intended to be arrested. If the person is described by name only, he must likewise exercise due diligence in determining whether the person arrested bears the name specified in the warrant, and the arrest will be justified if the person bears the name; although a detention might be illegal when information comes to the officer that the person so arrested is not the person against whom the warrant was issued. If there are two or more persons, within the bailiwick of the officer in whose hands the warrant is placed, bearing the same name, the officer is charged with the duty of ascertaining, before making an arrest, which of such persons the warrant was intended for. If he decides

this question in good faith, he is not a trespasser in making the arrest, although he may make a mistake and arrest the wrong person. If an officer arrest a person bearing a name stated in the warrant, and such person is described as being in his bailiwick, and there be only one person bearing such name therein, the officer is protected in making the arrest, although the person may be innocent, and there may have been a mistake made as to the name stated in the warrant. If there be two or more persons of the same name within the bailiwick, the officer must make diligent inquiry as to the identity of the person named in the warrant; and if he make such inquiry and arrest a person of that name in good faith, believing he is the person named in the warrant, the officer is also protected. If there has been a mistake made as to the name in the warrant, and the prosecutor is responsible for such mistake, the prosecutor might be liable, but the officer would be blameless. We are aware of the importance of the question involved as to the responsibility of an officer executing a warrant where there are two or more persons bearing the name stated in the warrant. If it should be held that the officer is protected when he acts in good faith, although the wrong person may be arrested, cases will arise where a person who is innocent will be deprived of his liberty, and will have no redress for the wrong. On the other hand, if it is held that the officer acts at his peril, the administration of the law through the execution of warrants is impeded, and criminals may escape on account of the timidity or caution of the officers. We are aware that the rule that the officer in such cases acts at his peril has been laid down by courts of respectable standing; but we think that the rule of good faith is more consonant with our system as indicated by the provisions of the code, which declares that if the imprisonment is by virtue of a warrant, neither the party bona fide suing it out nor the officer executing the same is guilty of false imprisonment, though the warrant be defective in form, and void for want of jurisdiction. In such cases the good faith must be determined from all the circumstances. Civil Code, § 3852. If good faith will protect an officer who deprives a citizen of his liberty under a void warrant, it would seem for a stronger reason that it should protect an officer who is armed with a valid warrant, and who after exercising due diligence, acting in perfect good faith,

makes a mistake as to the identity of the person named in the warrant.

2. When an officer makes an arrest under a warrant, it is his duty to "exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit, or receive bail." Penal Code, § 899. What is reasonable diligence depends upon the peculiar facts of each case. If the officer fails to discharge the duty thus imposed upon him, he will be liable to the party injured thereby to the extent of any damages actually sustained as a direct result of the breach of duty, unless the delay was occasioned by the act of the party arrested.

3. Error is assigned upon the following extract from the charge : "So, gentlemen of the jury, you must find that the arresting officer either made this arrest out of spite, or that he did it under circumstances that showed a reckless disregard for the rights and liberties of the citizen." We think this charge erroneous and the error prejudicial to the plaintiff. Good faith will protect the officer. Personal spite or a reckless disregard of the rights of others would amount to bad faith. But the officer may not be animated by spite; his conduct may not be reckless, and still bad faith may exist. Good faith implies due diligence. Good faith may be negatived by evidence of negligence. The failure to exercise ordinary care in a transaction like the one under consideration is inconsistent with good faith.

Error was also assigned upon the following extract from the charge : "If, under the law I have given you in charge, you find the preponderance of evidence sustains the plaintiff's claim that he was illegally arrested, and illegally imprisoned and deprived of his liberty, then it is your duty to return a verdict for the plaintiff for such an amount as the evidence shows he is entitled to. On the other hand, if the preponderance of evidence is not on the side of the contentions of the plaintiff, then your verdict should be for the defendant." The error assigned was, that under the instruction there could be no recovery unless there was both an unlawful arrest and an unlawful imprisonment. This instruction is subject to this criticism. The jury might have believed that the arrest was in good faith but the subsequent detention was not; and if so, the plaintiff would have been entitled to recover. Under the instruction the jury were constrained to find for the defendant,

unless they believed both the arrest and subsequent detention to be illegal.

What has been said disposes of all the assignments of error that require any discussion. The evidence rejected was clearly hearsay and properly repelled.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*