**STORK v EVERT**

Ohio Appeals, 6th Dist, Lucas Co

No 2825.  Decided Jan 8, 1934

Geer & Lane, Toledo, for plaintiff in error.

Hunt & Stickney, Toledo, for defendant in error.

## OPINION

By RICHARDS, J.

Charles Evert began the action in the Court of Common Pleas to recover damages for malicious prosecution and false imprisonment. The case was tried on the amended petition and resulted in a verdict and judgment in favor of Evert in the amount of $500.00.

Stork had filed an affidavit before a justice of the peace for the arrest of one Joseph Kopecki, and a warrant had been issued to the constable in accordance with the charge made in the affidavit. In the evening, the constable went to the place where Joseph Kopecki resided with his family and where his stepson, Charles Evert, also resided. The constable was not acquainted with either of the men, but went back on the premises about 150 feet and finding several men there called for Joseph Kopecki. Thereupon Charles Evert, according to the testimony of the constable, said: "I am the man you are looking for." The constable testified that thereupon he and Evert read the warrant and the constable, believing that this was Joseph Kopecki, arrested Evert under the warrant. Of course, if Evert by his language or conduct, knowing he was not the man wanted, caused the officer to arrest him, he could not maintain an action to recover damages therefore. 25 Corpus Juris, 525, §109. Some of this testimony is contradicted by Evert. During this time Stork was on the premises, but there is a conflict as to his location and knowledge of Evert's arrest,—some of the testimony tending to show that he was within six or eight feet from where the arrest was being made and other testimony, that he was 100 feet or more distant and that a building was between him and the constable. The constable, believing that he had arrested Kopecki, took his prisoner to the jail in the City of Toledo where he was incarcerated for the night. The next morning he gave bail and when Stork appeared for the hearing in the afternoon and discovered that Evert had been arrested instead of Kopecki, he immediately made that fact known and the justice thereupon discharged Evert.

The amended petition charges that Stork maliciously and without any reasonable cause whatever caused Evert to be arrested on a warrant which he had, without any probable cause, procured to be issued for Evert's stepfather Kopecki. While the action was brought and prosecuted as one for malicious prosecution, it will be observed that the language of the amended petition is sufficiently broad to include also a false arrest or false imprisonment. It developed on the trial that Stork had sold to Kopecki and wife, on a land contract, a small piece of real estate on which a down payment was made, but that Kopecki being in default, the land contract was foreclosed and Stork awarded possession of the premises. Thereupon Kopecki, who had erected on the premises a building about 30x20 feet in size, which he used as a hen-coop, proceeded to saw the same into some 8 or 9 sections, preparatory to removing it and Stork, learning of this fact, began the criminal action against him for malicious destruction of property.

There is a manifest distinction between an action to recover damages for malicious prosecution and one to recover for false arrest or false imprisonment. Malicious prosecution has been defined as a wanton prosecution without probable cause by a regular process and proceeding which the facts do not warrant. The real difference between the two causes of action is that in malicious prosecution the detention is malicious, but under due form of law, whereas in an action for false imprisonment, the detention is without any legal authority. It is

perfectly apparent that the constable, being unacquainted with either Kopecki or Evert, made a mistake and arrested the latter while the warrant issued on the affidavit of Stork was against the former. If Stork knowingly procured the arrest and imprisonment of Evert, or aided or abetted the officer therein, his liability would be for false arrest or false imprisonment and not for malicious prosecution. No recovery could be had against Stork for false arrest or false imprisonment without evidence that he participated in the arrest or imprisonment of Evert by procuring it to be done or by aiding or abetting the officer. Causing a warrant to issue against Joseph Kopecki is not, of course, procuring or aiding or abetting the arrest of Charles Evert. Whether Stork did procure such arrest or aid or abet therein was not left by the trial judge to the jury to be determined, it apparently being assumed at the trial that if Stork maliciously caused a warrant to issue against Kopecki, he would be liable in damages for the arrest and imprisonment of Evert on that warrant.

No recovery could be had against Stork for malicious prosecution, because it is not claimed that he ever commenced any legal proceedings against Evert and the record discloses no causal connection between the issuing of the warrant against Kopecki and the arrest of Evert. Manifestly the arrest of Evert was not a service of the warrant which had been issued on the affidavit of Stork. If Stork is liable for the arrest of Evert, it would not be because he had filed an affidavit for the arrest of Kopecki, but because he participated and aided in the arrest of Evert, if he did do so, but all of this he denies.

Certainly it can not be said that the natural or probable consequences of securing a warrant for the arrest of Kopecki would be the arrest of his son-in-law, Evert. In that respect the case is decidedly different from the famous "squib" case decided many years ago, entitled Scott v Shepherd, and reported in 2 Blackstone's Reports, 892. In that case the action to recover damages for trespass and assault was brought for throwing a lighted squib where there was a large concourse of people assembled. The squib fell upon a man who instantly and to prevent injury to himself, threw it and it fell upon another who also threw the squib, and it finally fell and exploded as it struck the plaintiff, seriously injuring him. It was held the action would lie because the injuries resulting would naturally and probably flow from the original unlawful act,

which is not the situation in the case at bar.

The true rule is stated in Bartlett v Hawley, 38 Minn., 309, that the party making the complaint is not liable for any act of the officer unauthorized by the warrant, unless he otherwise aided or authorized such wrongful act. If he did that, he might be liable for the false arrest or false imprisonment, as was held by the Circuit Court in this county in the case of Drinkwater v Jones, 13 C.C., 489.

The court, at the request of counsel for Stork, erroneously charged before argument that the advice of counsel might be considered in mitigation of damages. The true rule, of course, is that, when advice of counsel may be considered at all, it is a complete defense to an action for malicious prosecution, if relied on by Stork, but in the case at bar the giving of that instruction was not prejudicial to Stork. In this particular case it develops that the attorney on whose counsel Stork claims to have relied, was the one who had been his attorney in foreclosing the land contract, and it was not necessary for Stork to inform him of facts with which he was already familiar, in order to justify a reliance on advice of that attorney.

Under the charge of the court it is apparent that the jury found that Stork was liable in damages for malicious prosecution of Evert. Such a finding is manifestly against the weight of the evidence. If Stork were liable at all for damages, it could only be for false arrest or false imprisonment, and the facts and circumstances which would make him thus liable were not explained nor stated to the jury. That issue was not, in fact, submitted to the jury.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

WILLIAMS and LLOYD, JJ, concur.