26528. STONE *v.* NATIONAL SURETY CORPORATION.

Decided March 5, 1938.

*Ezra E. Phillips, Alexander McLennan,* for plaintiff.
*Helen Douglas Mankin,* for defendant.

STEPHENS, P. J. In the petition of Lloyd Stone, in a suit against National Surety Corporation, to recover against the defendant on the official bond executed by it as surety for W. O. Parker as principal, to the commissioner of roads and revenues of DeKalb County, Georgia, in the penal sum of $1000, conditioned on the performance by W. O. Parker of the duties of his official position as chief of police, the execution of the bond is alleged, and it is alleged that the principal, W. O. Parker, was, on June 26, 1935, and at all times thereafter referred to in the petition, the chief of police of DeKalb County, Georgia, and as such had

428

the right and authority by virtue of his office to arrest persons charged with violation of the criminal statutes of the State, and that, on said date, while acting in his capacity as such chief of police, and by virtue of his office as county policeman of DeKalb County, Georgia, he arrested the plaintiff and confined and incarcerated him in the common jail of DeKalb County, under a charge of murder, and advised the jailer to hold plaintiff for him, the said W. O. Parker as chief of police of DeKalb County, until he, W. O. Parker as chief of police of DeKalb County, should call for the plaintiff, or should give the jailer further instructions or advice with reference to the disposition of the plaintiff, and caused the jailer in charge of the jail to hold the plaintiff in imprisonment therein from June 26, 1935, until July 19, 1935; that the jailer in holding the plaintiff in custody acted as the agent for said W. O. Parker, chief of police of DeKalb County; that during this period, while the plaintiff was so held and confined in jail, the said W. O. Parker, chief of police of DeKalb County, refused to allow the plaintiff to give bail, and refused continual requests by the plaintiff to be taken before a "justice of the peace in order that hearing might be had to determine whether plaintiff should be kept in imprisonment or discharged," although a justice of the peace was located near the jail; that finally, on July 19, 1935, the said W. O. Parker, chief of police of DeKalb County, after he had caused the plaintiff to be confined in the jail from June 26, 1935, until that date, caused the plaintiff to be released from custody; that the plaintiff was not guilty of the crime of murder charged against him, and the said W. O. Parker had no information or evidence establishing the plaintiff's guilt; that the conduct of W. O. Parker, chief of police of DeKalb County, Georgia, complained of, constituted a breach of the official bond executed by the defendant, and that the plaintiff by reason of the facts alleged was damaged in the sum of $1000. A general demurrer to the petition was sustained, and the petition dismissed. To this judgment the plaintiff excepted.

■ Regardless of whatever responsibility for an illegal detention or a false imprisonment which may rest upon a person actually holding another in illegal confinement, a person who does not have actual custody of the person detained but who instigated the unlawful detention and commanded it to be done and controls the

custody of the person detained, is responsible for the detention. *Wilder* v. *Gardner,* 39 *Ga. App.* 608 (3) (147 S. E. 911) ; 25 C. J. 497, 499. It is alleged in the petition that W. O. Parker as the chief of police of DeKalb County, and by virtue of his office as county policeman of DeKalb County, Georgia, arrested the plaintiff and caused his incarceration in the DeKalb County jail, and that he was held there by the jailer as a prisoner of W. O. Parker, the chief of police, etc., and his detention there by the jailer was subject to W. O. Parker's orders. It clearly appears from the allegations in the petition that the plaintiff was held in custody by W. O. Parker, the chief of police, through his agent, the jailer in charge of the DeKalb County jail, who had the actual physical custody of the plaintiff, but held him subject to the orders of W. O. Parker, chief of police, etc. It appears that W. O. Parker, chief of police of DeKalb County, Georgia, was a county policeman in and for that county, and as such possessed, as provided by law in Code, § 23-1403, "the same power to make arrests and to execute and return all criminal warrants and processes as sheriffs now have ; . . and . . all the powers of sheriffs as peace officers," in the county.

■ It nowhere appears from the petition whether the plaintiff was arrested and held in custody by virtue of a criminal warrant, or without a warrant. In 25 C. J. 491 it is stated : "One making an arrest may be liable in an action for false imprisonment where he fails to take the person arrested before the officer designated in the warrant, or, if the arrest is made without warrant, to the nearest committing magistrate, or other officer designated by law." If, however, the plaintiff was arrested by W. O. Parker, chief of police, etc., under a criminal warrant authorizing the arrest, and the officer had him in custody, the officer was under a duty, in the exercise of reasonable diligence, to carry the plaintiff before a committing magistrate for the purpose of an investigation of the charges against him and a determination of whether or not the plaintiff should be discharged or committed. It is provided in the Code, § 27-210, that when an officer makes an arrest under a warrant it is his duty to "exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit, or receive bail." It appearing from the allegations of the petition that W. O. Parker, chief of police, etc., was requested by the

plaintiff while he was under arrest and imprisonment, to bring him before a magistrate for investigation of the charges against him, and that Parker refused to do so, but held the plaintiff in custody for a period of twenty-three days, when Parker himself caused the plaintiff's discharge, the inference is authorized that if W. O. Parker, chief of police, etc., held the plaintiff by virtue of a warrant, W. O. Parker did not exercise the reasonable diligence required in bringing the plaintiff before a committing magistrate for investigation of the charges against him. *Blocker* v. *Clarke*, 126 *Ga.* 484 (54 S. E. 1022, 7 L. R. A. (N. S.) 268, 8 Ann. Cas. 31). If the arrest of the plaintiff was without a criminal warrant, it was the duty of Parker, the police officer, who arrested him and had him in custody, to take him before a magistrate authorized to receive an affidavit and issue a warrant, and "no such imprisonment shall be legal beyond a reasonable time allowed for this purpose." Code, § 27-212. If the police officer making the arrest failed to take the plaintiff before a committing magistrate, but held the plaintiff in custody for a period of twenty-three days without a warrant, and this was beyond a reasonable time, the officer was guilty of an unlawful imprisonment of the plaintiff. In either event the conduct of the officer in holding the prisoner for an unreasonable time, etc., would constitute a breach of his official duty for which his official bondsman would be responsible.

The cases of *Page* v. *Citizens Banking Co.*, 111 *Ga.* 73 (7) (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144), and *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238 (12 S. E. 361), wherein it was held that an imprisonment resulting from an arrest under a valid warrant gives no right of action for false imprisonment, are distinguishable. In those cases there was nothing tending to show that an imprisonment which was the result of a valid warrant became converted into a false and illegal detention and imprisonment by any subsequent happenings or events, such as in the case now before the court, where, as appears from the allegations in the petition, the officer having the plaintiff in custody failed to exercise reasonable diligence in bringing him before a magistrate authorized to investigate charges and to permit or receive bail, but held him in custody for a considerable period of time after he had made demand upon the person causing his arrest and having him in custody, to take him before a "justice of the peace in order that

hearing might be had to determine whether plaintiff should be kept in confinement or discharged," although a justice of the peace was located nearby.

The petition set out a cause of action and the court erred in sustaining the general demurrer to the petition in the suit against the officer's official bondsman.

*Judgment reversed. Felton, J., concurs. Sutton, J., concurs in the judgment.*