40964.   MASSEY STORES, INC. et al. v. REEVES.

DECIDED FEBRUARY 23, 1965.

*Stewart, Sartain & Carey, Joe B. Sartain, Jr., T. Penn McWhorter,* for plaintiffs in error.

*Brannon, Brannon & Schuder, E. C. Brannon, Jr.,* contra.

BELL, Presiding Judge. ■ This is an action for malicious prosecution. It involves mistaken identity.

The evidence is uncontradicted that there never was a warrant issued for the arrest of the plaintiff in this case. The fact that the defendants, with probable cause, obtained a warrant meant for another person having the identical name of plaintiff cannot be expanded to infer that the defendant intended maliciously for just *any* person of that name *or this plaintiff* to be prosecuted for the offense.

The evidence is uncontradicted that the defendants, for value given, received a worthless check from one Robert Reeves who knew at the time that the check was valueless and to that degree the defendants were cheated and swindled by him. The law prohibits cheating and swindling and seeks to restrain its occurrence by threat of criminal punishment for those guilty of its commission. It is in the public interest for citizens to

report to governmental law enforcement authorities those who perpetrate the crime. It is certainly every citizen's *right* to do so.

It is the *duty* of law enforcement officers in serving criminal warrants to act with due diligence and in good faith to be certain that the proper person is served or apprehended. As stated by Presiding Justice Cobb in *Blocker v. Clark*, 126 Ga. 484, 488-489 (54 SE 1022, 7 LRA (NS) 268, 8 AC 31), "If the person is described by name only, he [the officer] must likewise exercise due diligence in determining whether the person arrested bears the name specified in the warrant, and the arrest will be justified if the person bears the name; although a detention might be illegal when information comes to the officer that the person so arrested is not the person against whom the warrant was issued. If there are two or more persons, within the bailiwick of the officer in whose hands the warrant is placed, bearing the same name, the officer is charged with the duty of ascertaining, before making an arrest, which of such persons the warrant was intended for. If he decides this question in good faith, he is not a trespasser in making the arrest although he may make a mistake and arrest the wrong person. . . If there be two or more persons of the same name within the bailiwick, the officer must make diligent inquiry as to the identity of the person named in the warrant; and if he make such inquiry and arrest a person of that name in good faith, believing he is the person named in the warrant, the officer is also protected."

It is a well settled principle of law that all public officers are presumed to have performed their official duties at the proper time and in the proper manner. *Kight v. Gilliard*, 215 Ga. 152 (109 SE2d 599); *Timbs v. Straub*, 216 Ga. 451, 453 (117 SE2d 462). See 10 Ga. Digest, Evidence, Key No. 83 et seq. While the presumption is one of fact and therefore pertains to evidentiary matters which usually come into play after an official act has been done, it is certainly correlative and logical to apply the presumption inversely and to say that a private citizen is entitled to assume that a public official who has a duty to perform in the future will subsequently properly and correctly fulfill his duty. It appears to have been with that understanding in mind that Presiding Justice Cobb in his discussion in

*Blocker*, supra, p. 489, stated that, "If it should be held that the officer is protected when he acts in good faith, although the wrong person may be arrested, cases will arise where a person who is innocent will be deprived of his liberty, and will have no redress for the wrong." This would be true since the citizen in good faith swearing out the warrant would also be protected. A citizen acting in good faith must not be exposed to personal liability by the failure of a public official to fulfill his duty properly and correctly.

In this case, the evidence is uncontradicted that the defendants did not swear out a warrant charging *this* Robert Reeves, the plaintiff below, with cheating and swindling. The identity of a name is not tantamount to identity of the person.

Since the uncontradicted evidence shows that there never was a warrant sworn out charging this Robert Reeves, the plaintiff in this case, with cheating and swindling, it follows that as to him there was *no* warrant. "Where the warrant is void, malicious prosecution will not lie." *Smith v. Embry*, 103 Ga. App. 375, 377 (2) (119 SE2d 45). A fortiori, a suit for malicious prosecution will not lie against a prosecutor where there was in fact no warrant at all issued on the prosecutor's accusation for the arrest of the person of the plaintiff bringing the action.

While the evidence shows that the plaintiff was in fact prosecuted, whatever remedy he has cannot be pursued against these defendants. He may not seek rectification for his injuries from ones as innocent of wrongdoing as he.

The judgment of the trial court is reversed with directions to enter judgment granting the defendants' motions for judgment notwithstanding the verdict and to enter judgment for the defendants.

*Judgment reversed with directions. Jordan and Eberhardt, JJ., concur.*