**Herbert Lee TROTTER, a minor, by his next friend, Pearlie Mae Trotter, Plaintiff-Appellant,**

v.

**David SIRINEK and Donald Jones, Defendants-Respondents.**

**No. 35502.**

Missouri Court of Appeals,
St. Louis District,
Division No. 1.

Oct. 15, 1974.

Liberman, Baron & Goldstein, St. Louis, for plaintiff-appellant.

James L. Rohlfing, St. Louis, for defendants-respondents.

KELLY, Judge.

This is an appeal from an order of the Circuit Court of the City of St. Louis dismissing appellant's amended petition on the grounds that it fails to state a claim upon which relief can be granted. We reverse.

■ Where a petition is attacked by a motion to dismiss for failure to state a claim the facts alleged are taken to be true and the pleader is entitled to all favorable inferences fairly deducible therefrom; if the facts pleaded and the reasonable inferences to be drawn therefrom, looked at

most favorably from the plaintiff's viewpoint, show any ground for relief, then the petition should not be dismissed. Johnson v. Great Heritage Life Insurance Co., 490 S.W.2d 686, 690 (Mo.App.1973).

With the foregoing rule in mind, we turn now to a consideration of the amended petition in this case, which alleges that the plaintiff, a 17 year old,[1] was "arrested" by two police detectives of the St. Louis Metropolitan Police Department and conveyed to the Juvenile Court Building in the City of St. Louis on or about May 31, 1970; the detectives prepared a "Metropolitan Police Department Detention Affidavit" alleging that he was in violation of the Juvenile Code by "robbery and runaway from Missouri Hills" and presented this affidavit to defendant Sirinek, who was a Deputy Juvenile Officer of the Circuit Court of the City of St. Louis. Mr. Sirinek then prepared a "Juvenile Comprehensive History" form, compelled the plaintiff to go to the St. Louis Juvenile Court Detention Center where plaintiff was imprisoned and detained and restrained of his liberty for approximately 46 days against his will. That after his admission to the Detention Center defendant Jones, the Superintendent of Detention of the Juvenile Division of the Circuit Court of the City of St. Louis, imprisoned him for a period of 46 days; the imprisonment and confinement of plaintiff by the defendants Sirinek and Jones was illegal, wrongful, wanton and malicious and with the intent to injure the plaintiff against his will. The petition further alleges that the defendants violated plaintiff's legal rights under Sec. 211.141 RSMo 1969, V.A.M.S., in that (1) defendant Sirinek, contrary to the statute, did not return plaintiff to his parent, guardian or legal custodian on the promise of such person to bring him to court; (2) both defendants violated the statute in detaining him without an Order of the Court specifying the reason for detention; (3) the defendants violated the

statute in not notifying the parent, guardian or legal custodian of the plaintiff of the place of detention as soon as possible; (4) the defendants violated the statute in detaining him without an Order of Court for a period exceeding 24 hours; he was released on or about July 15, 1970, from detention by the defendant Jones; defendant Sirinek was his assigned Deputy Juvenile Officer and knew that plaintiff was being held against his will in the Detention Center without a Court Order in violation of plaintiff's legal rights. That on or about June 18, 1970, Mrs. Patton, the Chief Deputy Juvenile Officer of the Juvenile Division of the Circuit Court of the City of St. Louis, filed a petition alleging that the plaintiff was within the provisions of Sec. 211.031 RSMo 1969, V.A.M.S., and on or about August 21, 1970, this petition was dismissed on the grounds of lack of evidence. By reason of the aforesaid plaintiff alleges he suffered injuries and anguish of mind and was damaged in the sum of $1,000.00 actual damages and, by reason of the malicious and wanton acts of the defendants, he prayed $5,000.00 punitive damages, together with his costs.

The Juvenile Code of this State imposes upon officers of the Juvenile Court statutory duties once the child has been taken into custody. (1) The parent, legal custodian or guardian of the child must be notified as soon as possible—Sec. 211.131(2); (2) the person taking the child into custody shall, unless it is impracticable, undesirable, or has been otherwise ordered by the court, return the child to his parent, guardian or legal custodian on the promise of such person to bring the child to court, if necessary, at a stated time or at such times as the court may direct—Sec. 211.141(1); (3) if the child is not released to his parents, guardian or legal custodian, he may be detained "only on order of the court specifying the reason for detention,"—Sec. 211.141(2); (4) the parent, guardian or legal custodian of the child shall be notified

1. The parties shall be referred to as plaintiff and defendant or defendants, the position they were in at the trial level.

of the place of detention as soon as possible—Sec. 211.141(2); and (5) the child may be detained without a court order for not more than twenty-four hours *if* it is impractical to obtain a written court order *"because of the unreasonableness of the hour or the fact that it is a Sunday or holiday . . .,* but a written record of such detention shall be kept and a report in writing filed with the court." [2] (Emphasis supplied).

■ A petition seeking damages for false imprisonment must allege "ultimate facts" which, if proven, show (1) detention or restraint (2) against plaintiff's will and (3) without legal justification. Warren v. Parrish, 436 S.W.2d 670, 672 [1] (Mo. 1969); Parrott v. Reis, 441 S.W.2d 390, 392 [2] (Mo.App.1969). In argument before this court, defendants contend that since the plaintiff's cause of action is based upon specified violations of the Juvenile Code, more specifically Sec. 211.141 RSMo 1969, V.A.M.S., it was essential that he allege that there was a parent, guardian or legal custodian to whom he could have been surrendered or released. They further contend that by alleging in his petition that he was a violator of the Juvenile Code "by robbery and runaway from Missouri Hills" he pleaded himself out of court. The thrust of this argument, more fully developed in respondent's brief, is that since Missouri Hills is a facility of the St. Louis Juvenile Court operated by the Division of Children's Services of the City of St. Louis, and a Juvenile is not placed at Missouri Hills unless by order of the Presiding Judge of the St. Louis Juvenile Court following an adjudication that the juvenile comes within the provisions of Sec. 211.031 RSMo 1969, V.A.M.S., plaintiff was a ward of the court and once having been so adjudicated, the court had the power to retain jurisdiction over him until he became 21 years of age. They further contend that Sec. 211.141 applies to juveniles brought to the attention of the juvenile authorities concerning whom the court has made no initial jurisdictional determination. They attempt to back-date his prior difficulties which brought plaintiff before the Juvenile Court as probable cause for his being taken into custody on this occasion. They do not deny that the court did not issue an order for detention beyond the 24 hour limit, but state, nonetheless, that appellant's detention was lawful and reasonable in light of the provisions and purposes of the juvenile code. Because plaintiff-appellant is a minor, the defendants argue that something more is involved than in the false imprisonment of an adult. They argue that, unlike an adult, a juvenile does not have "the unequivocal right to be free in the community under his own auspices" and that the laws concerning juveniles grants them a "conditional liberty" qualified by the obligation to remain in the custody of the appropriate parent or lawful guardian.

Respondents cite not a single case in support of their position, nor has our research led us to one. We know of no such requirement as they espouse for a false imprisonment action of a child. If, as we deduce, the defense of these defendants is that the plaintiff was, at the time he was taken into custody by the detectives, a ward of the Court and these sections of the statutes upon which he relies were not applicable, that would be a matter for defense, not a motion to dismiss for failure to state a claim. As we view plaintiff's amended petition, he does not aver *as a fact* that he was a runaway from Missouri Hills. He merely alleges that to be what the detectives contended when they took him into custody and delivered him to the defendant, Sirinck. If, as he further alleged, a petition filed by the Chief Deputy Juvenile Officer on June 18, 1970, alleging that he came within the provisions of Sec. 211.031 RSMo 1969, V.A.M.S., was dismissed for lack of evidence—and we must, at this stage, assume it to be a fact—on or about August 21, 1970, after he had been

2. May 30, 1970, was a Sunday.

released from detention on July 15, 1970, there may be some question about the lawfulness of the detention and the imprisonment which is not reached by the motion to dismiss in this case.

A petition alleging that "On February 5, 1951, in Farmington, Missouri, the defendant unlawfully, maliciously and with intent to injure, falsely imprisoned the plaintiffs in the county jail for 24 hours by force, without reasonable cause, right, or authority, and against the will of plaintiffs" was held to state a claim for false imprisonment for which relief could be granted. Pogue v. Smallen, 285 S.W.2d 915, 916 (Mo.1956).

All we are holding in this case is that the trial court erred in sustaining defendants' motion to dismiss plaintiff's petition for false imprisonment for failure to state a claim upon which relief could be granted. We reverse and remand.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.