74537. REESE v. CLAYTON COUNTY et al.
(363 SE2d 618)

BEASLEY, Judge.

Reese appeals from the granting of summary judgment to all defendants (Clayton County, the sheriff, and two deputies) on her two-count complaint alleging false arrest and false imprisonment.

In June 1981, a bad check warrant was issued in Fayette County naming "Gloria Ann Reese" as the defendant. The warrant was then sent to Clayton County to be executed. On September 22, 1981, plaintiff Gloria Anita Reese was arrested and taken into custody by the defendants. She posted bond and was released the same day. In June 1985, the charges against plaintiff were dismissed, Gloria Ann Reese having been prosecuted for the check. Plaintiff's complaint was filed in November 1985.

Defendants filed their motion on statute of limitation grounds, alleging that her only cause of action was for false imprisonment and the two-year statute had run. OCGA § 9-3-33. We agree.

Georgia provides three causes of action for redress of injuries suffered due to improper use of the criminal process: OCGA § 51-7-1 (false and malicious arrest), OCGA § 51-7-20 (false imprisonment), and OCGA § 51-7-40 (malicious prosecution). The efficacy of each depends upon the particular facts of a situation and who is being sued. Only one, if any, will lie as to a particular defendant in particular circumstances.

Here, the warrant issued was not for plaintiff but for one "Gloria Ann Reese." There never having been a warrant for plaintiff, *as to her* the warrant issued was void. *Wilson v. Bonner*, 166 Ga. App. 9, 10 (303 SE2d 134) (1983); *Massey Stores v. Reeves*, 111 Ga. App. 227,

230 (141 SE2d 227) (1965). Her arrest was, in effect, without a warrant and was therefore "unlawful detention," if anything. See *Williams v. Smith*, 179 Ga. App. 712 (1) (348 SE2d 50) (1986). That being so, plaintiff's sole remedy against these defendants (the county and certain of its law enforcement officers) was for false imprisonment. *Lovell v. Drake*, 60 Ga. App. 325 (3 SE2d 783) (1939); see *Gordon v. West*, 129 Ga. 532 (1) (59 SE 232) (1907); *Courtenay v. Randolph*, 125 Ga. App. 581 (1) (188 SE2d 396) (1972); *Lowe v. Turner*, 115 Ga. App. 503, 506 (2) (154 SE2d 792) (1967); *Smith v. Embry*, 103 Ga. App. 375, 377 (2) (119 SE2d 45) (1961).

The only essential elements for false imprisonment are (1) detention and (2) the unlawfulness thereof. OCGA § 51-7-20; *Burrow v. K-Mart Corp.*, 166 Ga. App. 284, 287 (3) (304 SE2d 460) (1983). The action must be brought within two years of its accrual, OCGA § 9-3-33, which is from the release from imprisonment. *Meyers v. Glover*, 152 Ga. App. 679, 680 (2) (263 SE2d 539) (1979) (overruled as to malicious arrest only, which does require as an element the cessation of the underlying prosecution, in *McCord v. Jones*, 168 Ga. App. 891 (311 SE2d 209) (1983)). Since plaintiff was released on September 22, 1981, her action filed on November 19, 1985 was barred by the statute of limitation.

*Judgment affirmed. McMurray, P. J., Banke, P. J., Carley and Pope, JJ., concur. Deen, P. J., concurs specially. Birdsong, C. J., Sognier and Benham, JJ., dissent.*

Deen, Presiding Judge, concurring specially.

The anomaly in this case is that under *Smith v. Embry*, 103 Ga. App. 375 (119 SE2d 45) (1961), both the majority and dissenting opinions could be correct. In *Smith v. Embry* at 377, this court stated that "[i]f the plaintiff was arrested and prosecuted under a valid warrant, the action is malicious prosecution; if wrongfully under a void warrant or no warrant the action is false imprisonment . . . Where the warrant is void, malicious prosecution will not lie." If, as this court further stated in *Smith v. Embry* at 378, malicious prosecution and malicious arrest are identical except that malicious prosecution contains the additional element of showing that a prosecution was carried on, it logically follows that malicious arrest similarly will not lie where the warrant is void. Under that rationale, the majority opinion is correct.

Nevertheless, in *Smith v. Embry* at 378 this court also noted that "[m]alicious arrest or false arrest may be made by virtue either of a valid warrant maliciously and without probable cause . . . or unlawfully under a void warrant or without a warrant (*Standard Surety &c. Co. v. Johnson*, 74 Ga. App. 823, 825 (41 S.E.2d 576)." Taking that language at face value, the dissenting opinion is correct.

That language, however, should not be afforded such value, because it is dictum and because it misrelies upon *Standard Surety &c. Co. v. Johnson,* wherein this court declined to determine "whether the [warrantless] arrest and imprisonment were separate torts that could be sued for in two counts or were one tort only for which an action for false imprisonment would lie," id. at 825, because the issue had not been raised in the trial court. In short, that case does not actually support the proposition that false arrest may occur under a void warrant or without a warrant. Additionally, it appears that *Blocker v. Clark,* 126 Ga. 484 (54 SE 1022) (1906), does not really support the dissent's position, since that case involves an action for false imprisonment.

I favor the logic and consistency of the rule followed in the majority opinion.

BENHAM, Judge, dissenting.

I agree with the majority that the improper use of criminal process may be remedied by civil actions for false or malicious arrest, false imprisonment, and malicious prosecution. I also agree that the two-year statute of limitation on the claim of false imprisonment, which statute commenced on September 22, 1981, the day appellant was released from custody, had expired by the time she filed this lawsuit on November 19, 1985. OCGA § 9-3-33; *Meyers v. Glover,* 152 Ga. App. 679 (2) (263 SE2d 539) (1979), overruled on other grounds, *McCord v. Jones,* 168 Ga. App. 891 (311 SE2d 209) (1983). However, the consensus dissolves here because the majority concludes that appellant's only cause of action was for false imprisonment. I, on the other hand, believe that appellant's complaint stated a valid cause of action for false or malicious arrest, and that the two-year statute of limitation, which commenced upon the termination of the criminal proceedings against appellant (June 28, 1985), had not expired when appellant filed suit. OCGA § 9-3-33; *McCord v. Jones,* supra at 893.

Appellant Gloria Anita Reese was arrested at her workplace pursuant to a warrant issued for Gloria Ann Reese. The majority, citing *Wilson v. Bonner,* 166 Ga. App. 9 (303 SE2d 134) (1983); and *Massey Stores v. Reeves,* 111 Ga. App. 227 (141 SE2d 227) (1965), states that the warrant was void as to appellant because it was not issued for her. *Wilson* and *Massey Stores* are cases wherein the plaintiffs, wrongfully arrested pursuant to warrants due to mistakes in their identity by the law enforcement officers serving the warrants, filed lawsuits alleging *malicious prosecution* against the person or entity who had obtained the arrest warrants, i.e., the prosecutor. In each case, the court held that the suit for malicious prosecution based upon the warrants would not lie against the *prosecutor* because no warrant had issued on the prosecutor's accusation for the arrest of the person bringing the mali-

cious prosecution action. *Massey Stores v. Reeves*, supra at 230; *Wilson v. Bonner*, supra at 10-11. "The fact that the defendants, with probable cause, obtained a warrant meant for another person having the identical name of plaintiff cannot be expanded to infer that the defendant intended maliciously for just *any* person of that name *or this plaintiff* to be prosecuted for the offense." *Massey Stores v. Reeves*, supra at 228. It was in this context that the court declared the warrants void as to the plaintiffs.

The case before us concerns allegations of false arrest, not malicious prosecution. An action for false arrest may be directed against the prosecutor who maliciously obtained the warrant, or the police officer who negligently executed the warrant against the wrong person. See *Smith v. Embry*, 103 Ga. App. 375 (3) (119 SE2d 45) (1961); *McCord v. Jones*, supra; *Standard Surety &c. Co. v. Johnson*, 74 Ga. App. 823 (41 SE2d 576) (1947). If a person is arrested due to mistaken identity, the prosecutor may be liable to the person unlawfully arrested if a mistake is made as to the name inserted in the warrant. *Blocker v. Clark*, 126 Ga. 484, 488 (54 SE 1022) (1906). *The arresting officer* may be liable if he fails to exercise "due diligence in determining whether the person arrested bears the name specified in the warrant. . . ." Id. If appellant had brought suit against the person who had obtained the warrant, I would be inclined to hold that such a suit would not lie because no warrant had issued on the prosecutor's accusation for the arrest of appellant. See *Massey Stores v. Reeves*, supra; *Wilson v. Bonner*, supra. However, appellant has filed suit against the officers who arrested her, contending she was arrested despite her protestations that her name was not that which appeared on the warrant. In a false arrest action against the *arresting officer*, it is the negligence of the arresting officer for which recompense is sought. The warrant, as far as the arresting officer is concerned, is valid on its face. Whether he exercised due diligence in determining whether appellant bore the name appearing on the valid warrant is for a jury to determine.

I would reverse the judgment of the trial court.

I am authorized to state that Chief Judge Birdsong and Judge Sognier join in this dissent.

DECIDED DECEMBER 4, 1987.

*Philip L. Ruppert*, for appellant.
*Gary H. Brakefield, James E. Ervin, George E. Glaze*, for appellees.